DENISON LIGHT & POWER COMPANY v. B. B. PATTON.

No. 2279. Decided March 12, 1913.

1.—Dangerous Premises.

Under the settled law of this State the owner of premises is under no general duty to exercise care to make them safe for the use of others coming thereon without invitation, authority or allurement. (P. 626.)

2.—Electricity—Dangerous Wires—Negligence—Duty—Relation to Party Injured.

A light company was liable to one coming in contact with the dangerous electric current carried on its wires only when the injured person occupied such relation to it or its property as to impose a duty to exercise care for his protection. This relation did not arise from the fact that the injured person, for the purpose of repairing a telephone cable, had temporarily supported it and the platform on which he was working in its repair from the pole carrying the light wire, in such way as to expose him to injury by its current, and such use of defendant's property was without its invitation or permission. (Pp. 626, 627.)

3.—Same—Case Stated—Charge.

A telephone cable and supporting messenger wire, displaced by storm, sagged upon the wires of defendant, an electric light company, underneath it, carried on other supports, and was damaged by the electric current. A lineman of the telephone company temporarily raised its cable and supported it from the electric light pole, returning next morning to complete his work. For this he suspended a platform from the telephone cable and messenger wire, but so that while working he came in contact with the light wire below. The lineman of the light company, who had seen the telephone cable so supported on the evening before, had the current turned onto his wire for the company's business, and the telephone repairer was injured thereby. Held that the use of the light company's structures by another without its permission imposed on it no duty of care for his protection in using its current. A charge submitting as ground of negligence its act in turning on the current after learning that the telephone repairer had attached his cable to its structures and might be expected to return to complete his repairs in dangerous proximity to its wires was erroneous. (Pp. 623-628.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Grayson County.

Judgment recovered by Patton against the Denison Light & Power Co. was affirmed on appeal by that defendant (135 S. W., 1040) and it thereupon obtained writ of error.

*Harry P. Lawther* and *Head, Smith, Hare & Head,* for plaintiff in error.—The owner of property owes no legal duty to a trespasser or a mere licensee other than to refrain from wantonly or wilfully injuring him. Stamford Oil Mill Co. v. Barnes, 128 S. W., 375; Burnett v. Ft. Worth Light & Power Co., 102 Texas, 31; Louthian v. Ft. Worth & D. C. Ry. Co., 50 Texas Civ. App., 613; Dobbins v. M. K. & T. Ry. Co., 91 Texas, 62; S. A. & A. P. Ry. Co. v. Morgan, 92 Texas, 102-3; M. K. & T. Ry. Co. v. Edwards, 90 Texas, 65-72; Galveston Oil Co. v. Morton, 70 Texas, 404; Means v. Southern California Ry. Co., 144 Cal., 473; Morris v. Rounsaville Bros., 64 S. E., 473; Pauckner v. Wakem, 83 N. E., 203; Weitzman v. Barber Asphalt Co., 83 S. E., 479; Ill. Cent. Ry. Co. v. Hopkins, 65 N. E., 657; Gibson v. Leonard, 17. L. R. A., 588; Davis v. Town of Bonaparte, 114 N. W., 899; Stevens v. Nichols, 155 Mass., 472; Cahill v. Layton, 57 Wis., 600; Wilmot v. McPadden, 65 Atl., 160; Brown v. Blackwell Coal Mining Co., 99 S. W., 299; Shaw v. Goldman (Mo.), 92 S. W., 167; McManus v. Thing, 80 N. E., 488; Norfolk & Western Ry. Co. v. Stegalls Admix., 54 S. E., 21; Herzog v. Hemphill, 93 Pac., 890; Berlin Mills Co. v. Crotean, 88 Fed., 862; Cumberland Tel. & T. Co. v. Martin's Admx., 63 L. R. A., 469.

As a matter of law upon the facts in this case, Patton assumed the risk. Ft. Worth L. & P. Co. v. Moore, 118 S. W., 835; Western Union Tel. Co. v. Burton, 53 Texas Civ. App., 378; Judge v. Narragansett El. L. Co., 49 Atl., 962; Jackson & S. St. Ry. Co. v. Simmons (Tenn.), 64 S. W., 708; Peoria General El. Co. v. Gallagher, 68 Ill. App., 248; Columbus Ry. Co. v. Dorsey, 46 S. E., 635; DeKallands v. Washtenaw Home Tel. Co., 15 Am. & Eng. Ann. Cases, 593; Reading v. Central Ga. Tel. Co., 65 S. E., 1068; Bell Tel. Co. v. Detharding, 148 Fed., 371; M. K. & T. Ry. Co. v. Spellman, 34 S. W., 299; I. & G. N. Ry. Co. v. Royal, 37 Texas Civ. App., 261; Hightower v. Gray, 36 Texas Civ. App., 674.

A licensee who enters upon the premises of another for his own purposes does not acquire the right to have the owner abstain from the ordinary use of the premises, but assumes and must guard himself against the risks from such ordinary use, and in this case the undisputed evidence and the findings of the Court of Civil Appeals show that plaintiff's injuries resulted from a risk thus assumed.

*E. J. Smith* and *Jno. C. Wall,* for defendant in error.—The circumstances of this case created a duty of ordinary care by appellant toward appellee, even though he may have been a trespasser.   Newark El. L. & P. Co. v. Gardner, 37 L. R. A., 725.

Employes of the telephone company frequently and customarily used the poles of appellant in the city of Denison, especially in making repairs, and this was permitted and consented to by appellant in consideration of the telephone company permitting a similar use. of its poles by appellant.   Said two companies also at various places in said city, and especially at the place where appellee was injured, occupied common territory with their cable and wires.   Appellant owed the duty to exercise ordinary care not to put a dangerous substance on the common territory when it could reasonably be anticipated that appellee or some other telephone lineman might be in position to be injured by it.   Standard Light Co. v. Muncey, 33 Texas Civ. App., 416; Dallas Electric Co. v. Mitchell, 33 Texas Civ. App., 424; Downs v. Andrews (Mo.), 130 S. W., 472; Illingsworth v. Boston Electric Co., 25 L. R. A., 552; Newark Electric Co. v. Gardner, 78 Fed., 23, 37 L. R. A., 725; Street Ry. Co. v. Owings, 33 L. R. A., 798; Trout v. Laclede Gas Light Co. (Mo.), 132 S. W., 62.

A person or corporation engaged in the dangerous occupation of sending deadly electric fluids over its wires is required to exercise at least ordinary care to prevent injury to persons at a point where they may reasonably anticipate that such a current might result in death or injury to some human being.   Atlanta Consol. St. Ry. Co. v. Owings, 33 L. R. A., 798; Illingsworth v. Boston Electric Co., 25 L. R. A., 552; Dallas Elec. Co. v. Mitchell, 33 Texas Civ. App., 424; Standard Light Co. v. Muncey, 33 Texas Civ. App., 416; Newark Elec. Co. v. Gardner, 78 Fed., 23, 37 L. R. A., 725; Brush Elec. & P. Co. v. Lefevere, 93 Texas, 604; 15 Cyc., 474; International Light Co. v. Maxwell, 27 Texas Civ. App., 294; City Elec. Co. v. Conery, 31 L. R. A., 570; United Elec. Co. v. Shelton (Tenn.), 14 S. W., 863; Cumberland Tele. Co. v. Ware (Tenn.), 74 S. W., 289.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

B. B. Patton, the plaintiff in the trial court, was a lineman in the employ of the Southwestern Telegraph & Telephone Company in the city of Denison, and brought this suit against that company and the Denison Light & Power Company, herein designated for convenience as the Telephone Company and Light Company, respectively, to recover damages for personal injuries alleged to have been sustained by him as the result of an electrical shock received on October 23, 1908, while in the discharge of the duties of his employment.   The trial resulted in a peremptory instruction in favor of the Telephone

Company and a verdict and judgment for the plaintiff against the Light Company, on whose appeal the judgment was affirmed by the honorable Court of Civil Appeals.

Both companies maintained and operated their systems in the city of Denison, having their wires stretched on poles located in the streets. A pole of the Light Company stood at the corner of Hull street and Austin avenue, about midway between two poles of the Telephone Company, and, being lower than such poles, the wires of the Light Company at that point were beneath those of the Telephone Company, which consisted of a cable containing several wires attached to a messenger wire, but in close proximity to them. A violent storm occurred on October 21st, as the result of which the telephone cable sagged at this corner of the streets and came in contact with the wires of the Light Company, causing a hole to be burned in the cable. Patton with two coemployés was sent out by the Telephone Company on the following day to discover and repair defects in its wires, and, upon reaching this corner, discovered the contact of the wires and the condition of the telephone cable. They effected a temporary repair of the cable, and relieved the contact and further separated the wires of the two companies by fastening a cross-arm near the top of the Light Company pole located at the corner of the streets, and placing the telephone cable and messenger wire upon it, thus raising them about 3½ feet above the top of the Light Company pole and accordingly some distance above the Light Company wires, leaving them in this condition about 5:30 in the afternoon, with the intention of returning the next day and completing the repairs upon the telephone cable. Just as they were leaving, O. P. Sammon, the chief lineman of the Light Company, came up and observed what they had done, and the situation of the cable and wires as left by them. On the following morning Patton returned to the place to complete his work upon the cable, went up the Light Company's pole, upon the cross-arm of which he and his companions had rested the Telephone Company's messenger wire and cable, and attached to the messenger wire and suspended beneath the cable, as thus situated, a swinging platform, upon which he seated himself with his feet hanging below it and began to repair the cable. Patton's testimony was that the platform, as thus located, rested upon a wire or wires of the Light Company. Shortly afterward, while in this situation and so engaged, he received the shock from a wire of the Light Company that caused his injuries, due either to the platform coming in contact with and resting upon the wire, or his feet or legs coming in contact with it. The current that caused the shock he received was turned on at the direction of Sammon by telephone from a point in the residence circuit of the Light Company where he was at the same time engaged in some repairs for the Light Company, as a test to enable him to know whether the service of the Light Company was in order. Sammon had no actual knowledge of any purpose on Patton's part to return to this place and complete the repairs to the cable that morning, nor did he have any such knowledge of Patton's situation or that he was at work upon the cable at the time he ordered the current

turned on. Patton was an experienced lineman, and knew the danger of coming in contact with a live electric wire.

The charge of the court, which is assailed by the Light Company, the plaintiff in error, was as follows: "If you believe from the evidence that on the evening of October 22, 1908, plaintiff, with other linemen of said Telephone Company, found it necessary to repair a cable of the said Telephone Company at or near the corner of Hull street and Austin avenue, and if you further believe from the evidence that certain wires of the Denison Light & Power Company, were in close proximity to the said cable at the place where said repairs were to be made, and had been in such close proximity for some time prior thereto, and that such condition at this place was known to the Denison Light & Power Company; and if you further believe from the evidence that on said afternoon certain work and temporary repairs were done upon said cable at said place, and if you further believe from the evidence that one Sammon, line foreman for the Denison Light & Power Company, on said afternoon saw the conditions of the various wires and cable at said place, and the work that said linemen had done, and if you further believe from the evidence that it reasonably appeared to said Sammon that the said linemen would probably return on the morning of the 23d to complete the repairs on said cable, and that said work would be attended with grave danger to said linemen if a current of electricity were turned onto said wires at said place; and if you further believe from the evidence that on the morning of October 23, 1908, the said linemen returned to said place to complete the work on said cable, and that to do said work it was necessary to fasten a platform on the messenger wire that held up said cable, and that said platform was fastened to said messenger wire near to a pole of the Denison Light & Power Company; and if you further believe from the evidence that the plaintiff took his position on said platform and engaged in the work of repairing said cable, and while he was so engaged in said work the said Sammon ordered a current of electricity turned onto the electric light wires that were at said place, and that by reason thereof plaintiff received a shock of electricity from said wires into which said electricity had been so turned, and that from the effect of said shock plaintiff was caused to fall and slip to the ground, and thereby injured, either by the said shock or fall, or both by said shock and fall; and if you further believe from the evidence that in causing said current of electricity to be turned into said wires at said time the said Denison Light & Power Company was guilty of negligence—that is, did that which a person of ordinary care and prudence situated and circumstanced and with the knowledge you find from the evidence the said Sammon had on said occasion, would not have done, and that such negligence, if any, was the direct and proximate cause of plaintiff's injuries, if any—you will find for plaintiff, and assess his damages as hereinafter directed, unless you should find for said Denison Light & Power Company under other instructions given you." It will be observed that the only act of alleged negligence submitted by the charge was that of Sammon in ordering the current of electricity turned on the Light Company's wires, while the plaintiff was at work

upon the telephone cable, with the platform, upon which he was seated at the time, so located by himself as to rest upon the wires of the Light Company, thus necessarily exposing him to danger from them when charged with electricity.

Negligence is constituted only through failure to discharge a duty. If, under the conditions and circumstances named in the charge, the Light Company owed plaintiff the duty of ordinary care to make its own structures safe for his use while so engaged at work upon the telephone cable, the finding of the jury that the turning of the current on its wires amounted to a breach of that duty concludes the question of the company's liability. On the contrary, if under such circumstances the law did not impose that duty upon it, its act did not amount to negligence, and no recovery can be predicated upon it. The charge, in substance, embodies the proposition, for it in effect so instructed the jury, that such duty rested upon the Light Company if it knew of the close proximity of the wires of the two companies at that place, and it reasonably appeared to Sammon, its employé, that the plaintiff would probably return there to complete his work upon the telephone cable at the time he was injured; and its correctness, therefore, depends upon whether these conditions were effective in law to impose the duty.

In all such cases the relationship between the parties determines the measure of the duty, and this question must be resolved by ascertaining the relation that existed between Patton and the Light Company at the time of the injury. Patton was the employé of the Telephone Company, and at the time engaged in a work that was solely for its benefit. To perform that work he made use of the Light Company's property in going upon its pole, placing the telephone cable upon a cross-arm attached to it, and suspending his platform beneath the cable in this situation so as to bring himself in contact with the Light Company's wires. The dangerous situation was produced by himself, and resulted from the use he made of the Light Company's property. If Patton had the right to make such use of the property, a relationship was created that imposed upon the Light Company the duty of exercising care to protect him from injury that might result from turning an electric current on its wires. But, under the settled law of this State, the owner of premises is under no general duty to exercise care to make them safe for the use of others coming thereon without authority, invitation, or allurement. Stamford Oil Mill Co. v. Barnes, 103 Texas, 409, 128 S. W., 375, 31 L. R. A. (N. S.), 1218, Ann. Cas., 1913A, 111; City of Greenville v. Pitts, 102 Texas, 1, 107 S. W., 50, 14 L. R. A. (N. S.), 979, 132 Am. St. Rep., 843; Missouri, K. & T. Ry. Co. v. Edwards, 90 Texas, 65, 36 S. W., 430, 32 L. R. A., 825; San Antonio & A P. Ry. Co. v. Morgan, 92 Texas, 98, 46 S. W., 28; Galveston Oil Co. v. Morton, 70 Texas, 400, 7 S. W., 756, 8 Am. St. Rep., 611. It will be noted that under the charge of the court the liability of the Light Company was in no wise predicated upon the existence of such a relationship between it and Patton as would arise from a rightful use by him of the property. It imposed upon the Light Company the duty of exercising ordinary care to make its wires safe for the prosecution of his work, regardless of whether the

use by him of its property that produced his dangerous situation was by its authority or invitation, and in effect announced that it rested under such duty though he was a trespasser or at·most a bare licensee, if the. wires of the two companies were in close proximity at that place and so known to be by the Light Company, and it reasonably appeared to Sammon that he would probably return there that morning to work upon the Telephone Company's line.

No issue of negligence on the part of the Light Company, predicated upon its maintenance of its wires in such proximity to those of the Telephone Company, was submitted to the jury. The mere proximity of the wires of the two companies did not of itself confer upon Patton as an employé of the Telephone Company the right to make use of the structure of the Light Company for the prosecution of the work of his employer. The Light Company was entitled to the use of its property to the exclusion of employeés of the Telephone Company in the absence of some agreement or understanding that entitled such employés to make use of it. Oil Co. v. Morton, supra. The charge presented no issue in respect to any such agreement or understanding. Accordingly, though the wires were in close. proximity and such condition was known to the Light Company, Patton's use of its property imposed upon it no greater duty than that owing to a trespasser, or, at most, a bare licensee. Furthermore, if the plaintiff was only a licensee, the Light Company was under no duty to anticipate his presence upon its property or his making such use of it as to create the situation that caused his injury. At best, the charge does not admit of the plaintiff being considered other than a bare licensee, because, as stated, it presented no issue whereby it was possible for the jury to find that he sustained any higher relationship to the Light Company.

A reasonable belief on Sammon's part that he would probably return to this place on the morning in question to resume his work for the Telephone Company was therefore not sufficient to charge the Light Company with the duty of exercising care to make its property safe for his prosecution of that work. The owner of a structure of this character is not required to make its legitimate use subservient to that of others who go upon it without authority or invitation for purposes of their own, as ·would be the case if he is bound to anticipate the presence of such persons upon his property and on that account is under a duty to use it, not in its ordinary way, but only in such manner as not to injure them. In the use of his property the owner is under a duty to exercise due care for the safety of those rightfully upon the premises; that is, those who are there by authority or invitation or because of allurement. In our view, the charge was erroneous in applying this rule to the Light Company, regardless of whether the plaintiff at the time of his injury was rightfully upon its property or was making an authorized use of it. That recovery could not rightfully be predicated upon a finding for the plaintiff under the charge is, we think, clearly shown by the holding of Louisville Home Telephone Co. v. Beeler's Adm'x, 125 Ky., 366, 101 S. W., 397, where an employé of one telephone company was injured by going upon the property of another for the purpose of his work, as

follows: "A careful examination of the entire record fails to disclose any evidence that could be dignified by the name of proof, showing any contract, arrangement, or understanding between the two telephone companies, whereby the employés of the Home Company were permitted to go upon the poles and wires of the Cumberland Company; nor is there any proof of any knowledge on the part of the Cumberland Company that the defendant, Beeler, was to go upon its lines. This being the case, the Cumberland Company owed the decedent no duty to provide a reasonably safe place for him to work in, and cannot be held liable for the negligence that resulted in his death." The cases of Standard Light & Power Co. v. Muncey, 33 Texas Civ. App., 416, 76 S. W., 931, and Dallas Electric Co. v. Mitchell, 33 Texas Civ. App., 424, 76 S. W., 935, relied upon by the defendant in error, do not support the charge. In both of them the two companies were shown to have made a joint use of the same poles for the maintenance of their wires, whereby there was imposed upon each the duty of exercising ordinary care to protect the employés of the other from injury while at work upon the wires. The common use of the same premises by both companies entitled the employés of either company to go upon them for their work, and imposed upon each company the same duty for the protection of the employés of the other from injury while thus engaged that it owed to its own. In the case of Illingsworth v. Boston Electric Light Co., 161 Mass., 583, 37 N. E., 778, 25 L. R. A., 552, another authority to which we are referred by the defendant in error, the same condition was shown to have existed, under which it was held that Illingsworth, an employé of the city of Boston, which, with the Light Company, maintained a common structure for the support of the electric wires of both corporations, was rightfully upon the structure while engaged in the work of his employer, and that the Light Company owed him the duty of exercising ordinary care to keep its wires in a safe condition. These cases and others like them furnish no authority for an instruction that predicated liability upon no such ground.

Because of the error in the charge, the judgments of the honorable Court of Civil Appeals and the District Court are reversed, and the cause remanded as to the Denison Light & Power Company.