**J. E. STEVENS FUNERAL HOME,**
Appellant,

v.

**Carl J. BUSBY et al., Appellees.**

**No. 3527.**

Court of Civil Appeals of Texas.

Eastland.

May 13, 1960.

Joe B. Dibrell, Jr., Coleman, for appellant.

J. Robert Harris, Coleman, for appellee.

WALTER, Justice.

J. E. Stevens Funeral Home filed suit against Carl J. Busby and Lee Etta Busby for damages as a result of an ambulance-automobile collision. Busbys filed a general denial, alleged several acts of contributory negligence and filed a cross action. The jury convicted the defendant, Lee Etta Busby, of several acts of negligence which they found to be a proximate cause of the collision. The jury also convicted the plaintiff of negligence in failing to turn on the siren immediately prior to the collision and also' found that said negligence was a proximate cause of the collision. Based on this verdict, judgment was entered that neither party recover.

The parties will be referred to as they were in the trial court. The plaintiff has appealed ·from such judgment, contending the court erred in overruling his motion for judgment non obstante veredicto and rendering judgment that plaintiff take nothing. If there is any evidence in this record of probative force sustaining the jury's answers finding the plaintiff guilty of negligence which was a proximate cause of the collision, the judgment must be affirmed.

Both the vehicles were traveling north on Neches Street in Coleman, Texas, about eight o'clock p. m. The ambulance was on an· emergency call and had turned on its flashing red light when it was about five blocks south of the point of collision. The plaintiff's position seems to be since he has convicted the defendant of negligence and proximate cause he is· entitled to recover because the jury's findings that he was guilty of negligence·is a nullity and of no force or effect because there was no duty resting upon him to sound his siren immediately prior to the collision. With this contention, we cannot agree.

■ The defendants properly raised said issues of contributory negligence and proximate cause in their pleadings and sufficient evidence was introduced to warrant the submission of said· issues to the jury. Plaintiff's contention is that under the law and the conclusively established facts he had· no duty to turn on his siren. It may be stated as an elementary principle of the law of negligence that actionable negligence can be based only upon a breach of duty owing by the person charged with negligence to the injured party. The driver of the ambulance was asked "Did you sound your horn before that, Troy?" and he answered "Just as I started around her, I sounded it." The driver was further questioned and testified as follows:

"Q. Before the accident, did that ambulance, was it equipped with an operating siren? A. It was equipped.

"Q. The siren capable of running that night, as far as you know? A. Yes sir, as far as I know, it was.

"Q. Did you turn that siren on at all that night? A. I did not.

"Q. You did not turn that siren on? A. No sir.

"Q. You didn't turn it on when you were about to pass that Plymouth automobile? A. No sir."

"Negligence rests primarily upon two elements: (1) reason to anticipate injury, and (2) failure to perform the duty arising on account of that anticipation. The ability to have foreseen and prevented the harm is determinative of responsibility. If the actor could not have prevented or avoided the calamity, he cannot be held to have been responsible therefor." 30–B Tex. Jur. page 179. The fact that an event which had injurious consequences could have been foreseen in the light of the attendant circumstances by the exercise of reasonable prudence removes it from the category of pure accident, since an accident is an occurrence that could not have been foreseen by a prudent person. * * * If there is some probability of harm sufficiently serious that ordinary men would take precautions to avoid it, then failure to do so is negligence." 38 Am.Jur. page 670, 671.

Under the reasonable-prudent-man standard of negligence, we hold the evidence presented fact issues for the jury to determine whether or not the failure of the plaintiff to sound his siren immediately before the accident in question was negligence and a proximate cause of the collision. We have examined all of plaintiff's points and find no merit in them and they are accordingly overruled.

Judgment affirmed.