**SHERWIN–WILLIAMS PAINT COM-
PANY et al., Appellants,**

v.

**Kenneth Paul CARD et ux., Appellees.**

**No. 14771.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 7, 1970.

Beckmann, Stanard, Wood & Keene, John H. Wood, Jr., Seagal Wheatley, San Antonio, for appellants.

Warren Burnett, Robert E. Hoblit, Odessa, Neil Caldwell, Angleton, for appellees.

CADENA, Justice.

Defendants, Sherwin-Williams Paint Company and its employee, Lorenzo Acosta, appeal from a judgment, based on a jury verdict, awarding plaintiffs, Kenneth Paul Card and wife, Pauline Card, $38,-685.00 for personal injuries suffered by Mrs. Card when the Paint Company's truck, driven by Acosta, struck the rear end of the automobile driven by Mr. Card in which Mrs. Card was a passenger.

The jury found that Acosta was guilty of negligence proximately causing Mrs. Card's injuries in that he failed to keep a proper lookout and was following the Card automobile too closely. Questions relating to negligence on the part of Mr. and Mrs. Card were answered favorably to plaintiffs.

We consider first appellants' contentions that there is no evidence supporting the findings of negligence on the part of Acosta or, in the alternative, that such findings are contrary to the overwhelming weight and preponderance of the evidence.

At the time of the accident, Mr. and Mrs. Card, residents of Oklahoma, were driving through San Antonio en route to Laredo, Texas. The Card automobile was headed in a westerly direction in the inside lane of a two-lane westbound roadway. It had been raining for some time and the pavement was wet. A third vehicle, the driver of which is not identified, was also proceeding in a westerly direction in the outside lane, to Card's right. This third vehicle crossed over into Card's lane without giving any signal, and, when it began to skid, Card reduced the speed of his vehicle. The paint Company's truck, driven by Acosta, was also headed west in the same lane as, and behind, the Card automobile. When Acosta saw the Card car slow down he applied his brakes, but the truck began to skid and struck the Card automobile in the rear.

Acosta had difficulty in recalling some of the details of the accident because, between the date of the accident and the day of trial he had undergone electro-shock treatment and had suffered the loss of memory which often occurs from such treatment. He was unable to testify concerning the distance between his truck and the Card automobile prior to the time that the lead vehicle began to slow down, although, when asked whether the distance between the two vehicles might have been a few feet or quite a distance he answered, "it was more like quite a distance." He also testified that in his "judgment" he was far enough behind the Card automo-

bile to avoid hitting them when he applied his brakes, but when he applied his brakes "the truck went into a skid and there was nothing" he could do.

The conflicts in the testimony are relatively few. While Mr. Card testified that the third car, when it changed lanes, was far enough ahead of the Card vehicle to permit .the change of lanes to be made safely, Acosta stated that the third car "cut" in front of the Card vehicle when it was not safe to do so. Mr. Card said that when he saw the car in front of his begin to skid, he slowed down by removing his foot from the accelerator, without applying his brakes, and that his car never came to a stop. Mrs. Card, while stating that she did not see the car in front of them, said that she noticed no violent or sudden slowing of the vehicle in which she was riding. Acosta, after saying that he could not recall whether the Card automobile was stopped at the time of impact, later stated, "To me it was stopped." He did not remember seeing the brake lights on the Card automobile flash on.

Neither of the Cards gave any testimony concerning the distance between their car and the truck driven by Acosta, nor did they give any information relating to Acosta's speed or his actions immediately preceding the collision.

We consider first appellants' points challenging the sufficiency of the evidence to sustain the findings of negligence on the part of Acosta.

A motorist trailing another automobile "must drive at a reasonable speed, keep back a reasonable distance, and keep his vehicle under reasonable control so as to provide for the contingency of a car in front suddenly stopping; that he must maintain a proper lookout for the car in front, so that he can stop without a collision or can turn out and pass the vehicle in front * * * ." Renshaw v. Countess, 289 S.W.2d 621, 624 (Tex.Civ.App.—Fort Worth 1956, no writ) ; Caraway v. Beh-

rendt, 224 S.W.2d 512 (Tex.Civ.App.—San Antonio 1949, no writ) ; 2 Blashfield, Automobile Law and Practice (3d ed., 1965) §§ 113.13, 113.15.·

It has been said that, generally, the mere proof of a collision of an automobile with the rear of a forward moving car makes out a prima facie case of negligence of the rear driver. 2 Blashfield, op. cit., § 113.12. In Texas it has been said that a question of fact as to the existence of negligence "is usually presented when one motor vehicle overtakes and strikes one in front of it, going in the same direction. The collision itself is some evidence of negligence on the part of the driver who strikes a preceding car from the rear." Renshaw v. Countess, supra, 289 S.W.2d at 624. However, it has also been said, in rear-end cases, that the "occurrence of an accident or a collision is not of itself evidence of negligence." Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195 (1937). However, it is settled law that both negligence and proximate cause may be inferred from the circumstances surrounding an event, so that it is not necessary to prove these elements of a cause of action by direct and positive testimony. Houston, E. & W. T. R. Co. v. Boone, 105 Tex. 188, 146 S.W. 533 (1912) ; Grossman v. Tiner, 347 S.W.2d 627 (Tex.Civ.App.—Waco 1961, writ ref'd n. r. e.). The correct rule is that "whether an automobile being struck from the rear raises an issue of negligence or establishes it as a matter of law depends on all the facts and circumstances of the particular case." Pacific Finance Corporation v. Rucker, 392 S.W. 2d 554, 558 (Tex.Civ.App.—Houston 1965, no writ).

The testimony of the Cards supports the conclusion that the Card automobile did not stop or slow down suddenly. Despite the fact that Acosta testified that the distance between the two cars "was more like quite a distance," he was unable to bring his truck to a stop before crashing into the rear of the lead automobile. True, he at-

tributed his inability to stop to the fact that his truck skidded on the wet pavement. But he admitted that he knew that it had been raining for some time and that the pavement was wet and slippery. "The driver of an automobile should exercise, in operating the vehicle, a degree of care that is commensurate with existing road conditions, so as to keep the vehicle under control on a slippery street or road and not cause injury to another vehicle by skidding into it. An operator will not establish freedom from liability merely by showing that his vehicle skidded." Meinen v. Mercer, 390 S.W.2d 36, 40 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.). "The driver of a motor vehicle shall not follow another motor vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway." Tex.Rev.Civ.Stats.Ann. Article 6701d, § 61(a). (The 1969 amendment to Art. 6701d, § 61(a) was not in force at the time of the accident involved in this case.)

■ Under the testimony, the conclusion that Acosta was following too closely is not rendered unreasonable by his statement that, in his "judgment," he had enough space within which to stop and would have been able to do so and avoid the collision but for the fact that his truck went into a skid. Under the facts, the jury could reasonably conclude that Acosta should have foreseen the possibility that the leading car would slow down; that he would have to apply his brakes and that the wet pavement would cause his truck to skid; and that if he were not far enough behind the Card vehicle, considering the slippery condition of the pavement, he would collide with it.

With reference to lookout, if the jury believed the testimony of Card, he did not stop or reduce his speed suddenly, but slowed down gradually, without applying his brakes, by merely raising his foot from the accelerator. From this circumstance, when considered along with Acosta's testimony that the Card vehicle reduced its speed suddenly and violently, it may reasonably be inferred that Acosta was not watching the Card automobile. If the driver of a following vehicle is not watching the car ahead when it begins to decelerate gradually, and when he turns his attention to the lead car he notices that the distance between the two vehicles has diminished significantly, what was in fact a gradual reduction of speed by the lead vehicle will appear to the driver of the trailing vehicle to be a sudden and violent slowing.

Assuming that appellants' points attacking the sufficiency of the evidence amount to more than "no evidence" points and raise the question of "sufficiency of the evidence" to support the jury findings,[1] they are overruled.

■ Appellants present nine points asserting that the trial court erred in overruling their objections to portions of the charge. The objections in question were dictated to the court reporter and an instrument embodying such objections, apparently prepared by the court reporter, is included in the transcript. However, this instrument is not signed by the judge and, therefore, does not comply with the requirements of Rule 272, T.R.C.P. We cannot consider these points. Mergele v. Houston, 436 S.W.2d 951 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.).

---

1. Appellants' points relating to sufficiency of the evidence complain (1) that the trial court erred in submitting the negligence issues to the jury because there was "no evidence" that Acosta failed to keep a proper lookout or was following too closely; and (2) that the trial court erred in refusing to set aside the pertinent jury answers because such answers "were against the great weight and preponderance of the evidence." It could be persuasively argued that the points complaining of the trial court's refusal to "set aside" the jury's answers to the pertinent negligence issues are, in fact, "no evidence" points. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361, 362 (1960).

Appellants next complain of the refusal of the trial court to submit their timely requested issues relating to unavoidable accident and sole proximate cause.

Although no persuasive defense of the practice of submitting "inferential rebuttal" issues has been evolved by the judiciary, our courts, despite strong criticism,[2] have embraced the notion "that a chance for the jury to make a conflicting finding must be accorded in all events * * *." Stout, Our Special Issue System, 36 Tex.L. Rev. 44, 48 (1957).

Appellants contend that the issue of unavoidable accident was raised by evidence that (1) the collision occurred on the downslope of a hill, (2) the pavement was slippery, and (3) the driver of the third vehicle suddenly "cut" in front of plaintiff, causing plaintiff to reduce his speed.

Conceding that a jury issue as to unavoidable accident is raised by evidence of the existence of an obstacle which might obstruct the view, Vergauwen v. Parsons, 294 S.W.2d 863, 864 (Tex.Civ. App.—Waco 1956, no writ), the evidence in this case, even when viewed in the light most favorable to the submission of the issue, is to the effect that Acosta's view of the Card vehicle was in no way obstructed by the presence of the hill. He categorically testified that he had the Card vehicle in view at all times.

With reference to the condition of the pavement, it must be borne in mind that we do not have here the case of a sudden and unexpected downpour, or the presence of a slick condition unknown to Acosta. Acosta knew that it had been raining for some time, and he knew that the pavement was slick and slippery. It would require

considerable straining to hold that knowledge of the existence of a dangerous condition is evidence of the absence of negligence or, to use the judicially accepted euphemism, of unavoidable accident. A known dangerous condition is to be considered in determining what constitutes ordinary care, but it is no evidence of unavoidable accident. Harrison v. King, 296 S. W.2d 344, 347 (Tex.Civ.App.—San Antonio 1956, writ ref'd n. r. e.).

If, as has been said, unavoidable accident is to be used only to submit the theory that physical, non-human circumstances were the cause of the plaintiff's injuries,[3] evidence of the action of the unidentified driver of the third car in this case would not be sufficient to raise the issue. In any event, the trial court did not err in refusing to submit appellants' requested issue on unavoidable accident, since the accompanying definition, as requested by appellants, defined an unavoidable accident as "the unexpected happening of an event which occurs without having been proximately caused by the negligence, if any, of either Kenneth Paul Card or Lorenzo Acosta." While there are cases in which unavoidable accident was defined as an event occurring without the negligence of either the plaintiff or the particular defendant mentioned in the definition, such decisions were overruled in Dallas Ry. & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952), where it was held that the proper definition of unavoidable accident was an event occurring without the negligence of "any party to the event." Under the definition submitted by appellants, the jury would have been justified in finding unavoidable accident if it believed that the sole cause of the accident was the negligent action of the unidenti-

2.  Green, Proximate Cause in Texas Negligence Law, 28 Tex.L.Rev. 471, 484 (1950) ; Masterson, Preparation and Submission of Special Issues in Texas, 6 Sw.L.J. 163, 178 et seq. (1952) ; Jones, Special Issue Submission, 15 Tex.B.J. 323 (1952), 16 Tex.B.J. 285, 330 (1953). With particular reference to unavoidable accident, see Norvell, May the Unavoidable Accident Issue Be Avoided?, 3 Trial Lawyers Forum 7 (Sept.–Oct., 1969), and the concurring opinion by Mr. Justice Pope in Smith v. Morgan, 235 S.W.2d 938, 942 (Tex.Civ.App.—San Antonio 1950, writ dism.).

3.  Hodges, Special Issue Submission in Texas 51 (1959).

fied third driver who was not a party to the suit. In this connection, it should be kept in mind that Acosta's testimony would have supported the conclusion that such third driver was negligent. Such third driver was a "party to the event," and plaintiffs were entitled to a definition which, under the Bailey holding, would have required a finding of no unavoidable accident if the jury believed that the third driver was negligent.

However, the judgment below must be reversed because of the failure of the trial court to submit the requested issue relating to sole proximate cause. Although it is apparent that submission of the sole proximate cause issue serves no useful purpose other than to test the jury's answer to the standard proximate cause inquiry and that an answer favorable to defendant, standing alone, can only result in the declaration of a mistrial, it is settled that the factual theory that the conduct of some third person was the exclusive cause of plaintiff's injury is proper inferential rebuttal and must be submitted. Hodges, Special Issue Submission in Texas 58 (1959). Here, there was sufficient evidence to support the conclusion that, but for the conduct of the driver of the third vehicle, the accident would not have occurred. According to well established doctrine, the fact that the jury's finding that defendant's negligence was a proximate cause of the accident necessarily excludes a finding that any other conduct was the sole proximate cause of the collision is altogether irrelevant. State v. Schlick, 142 Tex. 410, 179 S.W.2d 246 (1944). Cf. Sunset Motor Lines v. Blansingame, 245 S.W.2d 288 (Tex.Civ.App.—Dallas 1951, writ dism'd); Gooch v. Davidson, 245 S.W.2d 989 (Tex. Civ.App.—Amarillo 1952, no writ).

We do not consider appellants' other points, since there is no likelihood that the circumstances upon which they are based will recur upon another trial.

The judgment of the trial court is reversed and the cause is remanded for a new trial.