**Matilda R. CODY, Appellant,**

v.

**Charles E. MAHONE, Jr., Appellee.**

**No. 15152.**

Court of Civil Appeals of Texas, San Antonio.

June 20, 1973.

Rehearing Denied July 18, 1973.

Hobart Huson, Jr., Huson, Clark & Thornton, San Antonio, for appellant.

Kampmann, Church, Burns & Brenan, Tinsman & Houser, Inc., John F. Younger, Jr., San Antonio, for appellee.

KLINGEMAN, Justice.

This is a personal injury damage suit arising out of a collision involving a station wagon automobile driven by appellant, Matilda R. Cody, and a pickup truck driven by appellee, Charles E. Mahone, Jr., on San Pedro Avenue in San Antonio, Texas. Trial was to a jury who found that appellant did not fail to keep a proper lookout, and was not negligent in failing to keep her vehicle completely within the right half of the roadway.[1] The jury also found that the right rear door of appellant's vehicle was not locked when appellant left the barber shop immediately prior to the occurrence in question; that the failure to make sure such door was locked was negligence;

---

1. Appellee has no cross-points complaining of these findings.

and that this was a proximate cause of the occurrence in question. No negligence was found against appellee.

The jury found damages in the amount of $10,000 for pain and mental anguish in the past, $5,000 for future pain and mental anguish, $7,000 for loss of earning capacity in the future, and $3,000 for medical and hospital care in the past. Nothing was awarded by the jury for loss of earnings in the past, and nothing for physical impairment.

Both sides made motions for judgment based upon the verdict. Judgment was for appellee in the sum of $25,000.

Appellant asserts five points of error, some of which contain several subsections. At the outset we are met with appellee's contention that the objections and exceptions to the charge of the court and all points which are based thereon are not properly preserved for consideration as error; and accordingly, appellee asserts that appellant's first point, Subsections 1, 2, 3, 4, 5 and 6, and appellant's fourth point, Subsections 1 and 2, should not be considered by this Court.

The transcript contains a lengthy document entitled "DEFENDANT'S SPECIAL EXCEPTIONS TO THE COURT'S CHARGE." It is signed by counsel for appellant and contains the file mark of the clerk thereon. However, the instrument does not contain the ruling by the trial court on such exceptions, and such document does not have the official signature of the judge endorsed thereon as required by Rule 272, Texas Rules of Civil Procedure.

■ Objections to the charge of the court are not properly preserved for review where the court does not endorse thereon its ruling on the objections to the charge by the judge signing the same officially. Long v. Smith, 466 S.W.2d 32, 37–38 (Tex.Civ.App.—Corpus Christi 1971,

writ ref'd n. r. e.); Sherwin–Williams Paint Co. v. Card, 449 S.W.2d 317 (Tex. Civ.App.—San Antonio 1970, no writ); Mergele v. Houston, 436 S.W.2d 951 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.); Maryland Casualty Co. v. Golden Jersey Creamery, 389 S.W.2d 701 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.); Rule 272, supra.

■ Under the record we cannot consider such objections and exceptions to the charge of the trial court, nor any points of error which are based thereon. However, we do not agree with appellee's contention that we cannot consider appellant's no-evidence points of error,[2] nor her points of error that as a matter of law appellant owed no duty to appellee to lock the door in question, and that as a matter of law the failure to lock the door could not be a proximate cause of the collision and resulting injuries.

We will first consider appellant's contention that as a matter of law appellant had no duty to appellee to lock the door in question, and that as a matter of law the failure to lock the door could not be a proximate cause of the collision in question. These points will be discussed together, since they are basically interwound with the element of foreseeability.

On July 9, 1969, appellant, accompanied by her three children, Debbie, age fifteen; Michael, age fourteen; and Cathy, age two and one-half, drove her 1968 Pontiac Bonneville station wagon to a barber shop. Prior to arrival at the barber shop, the children were in the second seat of the station wagon, and all their seat belts were fastened. At the barber shop, Debbie and Michael got out of the car through the right-hand rear door. Appellant testified that when they got out she asked them to lock the door; that they pushed the lock button in, and to the best of her knowledge, they also pressed the button on the outside of the door, but she did not actual-

---

2. See Rosas v. Shafer, 415 S.W.2d 339 (Tex.1967).

ly see this; that the older children slammed the door; and that when she left the barber shop, the door was closed. As they left the barber shop, Cathy remained in the same seat, but her seat belt was not refastened. After appellant left the barber shop, she turned north on San Pedro and was driving in the driving lane next to the center stripe; that as she was driving, she heard a sudden rush of air in the car; that she turned her head and Cathy was standing by the right rear door, and the door was beginning to open; that she reached through the arm rest opening with her arm and grabbed hold of Cathy's dress; and that while doing so, she veered across the center stripe.

At such time, appellee was driving south in the lane next to the center stripe in a pickup. Appellant testified that she saw the pickup immediately prior to the collision and tried to avoid it, but that the collision occurred, and that it was a sudden type of thing. The officer who investigated the accident testified that the point of impact was approximately four feet on the side of San Pedro Avenue designated for south-bound traffic; and that the left front section of each car was involved in the collision. He further testified that he found approximately forty-five feet of skid marks behind appellant's car and approximately forty feet of skidmarks behind appellee's car. Appellee testified that appellant's car was in his lane when he first noticed her car; that such car was coming right at him; and that he had no time to do anything but slam on his brakes. There is testimony that if the door latch of this type of automobile is pushed down, the door cannot be opened by pulling up on the door handle; but that in order to open such door once it is locked, you have to pull up both the door latch lever and the door handle. Appellant testified that Cathy had never played with door latches or door handles before to her knowledge, and she had never unlocked a door while the car was in motion before.

It is to be remembered that recovery in this case was predicated solely upon the jury's finding that the right rear door of the vehicle driven by appellant was not locked upon leaving the barber shop immediately prior to the incident in question; that the failure to make sure that such right rear door was locked was negligence; and that this was a proximate cause of the occurrence in question. No other acts of negligence were found against appellant.

■■ It is often stated that negligence is the failure to observe a legal duty; and when no duty exists, no legal liability can arise on account of negligence. Denison Light & Power Co. v. Patton, 105 Tex. 621, 154 S.W. 540 (1913); J. E. Stevens Funeral Home v. Busby, 336 S.W.2d 812 (Tex. Civ.App.—Eastland 1960, no writ); A. C. Burton Co. v. Stasny, 223 S.W.2d 310 (Tex. Civ.App.—Galveston 1949, writ ref'd); 40 Tex.Jur.2d, Negligence, Section 6. The essential elements of actionable negligence are the existence of a duty on the part of one person to protect another against injury, a breach of that duty, and an injury to the person to whom the duty is owed as a proximate result of the breach of duty.

■ If the reason to anticipate injury is not established, then no duty arises to act to prevent such unanticipated injury. Houston Lighting & Power Co. v. Brooks, 161 Tex. 32, 336 S.W.2d 603 (1960); Texas & Pacific Railway Company v. Bigham, 90 Tex. 223, 38 S.W. 162, 163 (1896).

■ In this state, it is now a settled doctrine that anticipation of consequences is a necessary element in determining not only whether a particular act or omission is actionably negligent, but also whether the injury complained of is proximately caused by such act or omission. Actual anticipation is not in any sense the test, but what one should under the circumstances reasonably anticipate as consequences of his conduct. Houston Lighting & Power Co. v. Brooks, supra; City of Dallas v. Maxwell,

248 S.W. 667 (Tex. Comm'n App.1923, jdgmt. adopted).[3]

■ It is well settled that for a negligent act or omission to be the proximate cause of an injury, the injury must be the natural and probable result of the particular act or omission. This is based on the premise that a party should not be held responsible for consequences that could not reasonably have been foreseen. Bell v. Campbell, 434 S.W.2d 117 (Tex.1968).

In Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962), the Supreme Court had before it an action for personal injuries sustained by a seven-year-old girl who was injured when, as she was attempting to open a door in defendant's apartment complex where she lived, her arm went through the glass panel of the door. Based upon a jury finding that the damages involved were proximately caused by Genell's maintaining a door closer upon the door in question which was difficult to open, the trial court awarded damages to the Flynns. This judgment was affirmed by the Court of Civil Appeals. The Supreme Court reversed and rendered such cause, holding that as a matter of law the injury sustained by Rory Flynn as a result of the fact that the adjustment on the door closer made the door in question difficult to open was not foreseeable on the part of Genell, Inc., and in such opinion stated:

"Assuming, without deciding, that Genell, Inc., knew or should have known of the condition of the adjustment on the door closer and that Genell, Inc., was under a duty to change such condition, a recovery of damages is not sustainable where there is no evidence that the failure to inspect and change the condition

of the door closer was the active cause which produced the injury and that Genell, Inc., could have reasonably anticipated that Rory Flynn was likely to utilize the door, either deliberately or accidentally, by stopping on the second step from the bottom stair and intentionally thrusting her arms and hands forward for the purpose of opening the door by pushing on the wooden surface of the door, and that she would accidentally strike the glass with her hands.

"Although injury may result from a person's act or omission, yet, if the actor could not have reasonably foreseen the resultant injury, or injuries, similar in character, he is not to be held responsible therefor. Liability is grounded in the public policy behind the law of negligence which dictates that every person is responsible for injuries which are the reasonably foreseeable consequence of his acts or omissions. A person is not legally responsible for consequences which cannot be foreseen. Liability for negligence rests primarily on reason to anticipate injury and failure to perform the duty arising on account of such anticipation. * * * It is recognized in this state that anticipation of consequences is a necessary element in determining whether the injury complained of is proximately caused by such act or omission. Actual anticipation, of course, is not in any sense the test, but what one should under the circumstances reasonably anticipate as consequences of his conduct." 358 S.W.2d at 546–547.

Ordinarily, a person locks the door of an automobile to prevent someone in the automobile from falling out and sustaining injuries from such fall, or in some instances,

3. "Human beings in their common dealings with each other in society should be required to exercise some degree of deliberation or forethought. It would be unreasonable to require them, before doing or refraining from doing a particular act, to exhaust the field of speculation concerning every possible or conceivable consequence which might result from their conduct. It is just that one should be charged with the duty to anticipate those consequences which in the ordinary course of human experience might reasonably be expected to result therefrom, and therefore that he should be held legally responsible for those consequences." 248 S.W. at 670.

to prohibit entry of the car from the outside by someone who might molest or injure an occupant of the car. The purpose of such locking is to prevent harm or injury to someone in the car. A driver does not ordinarily anticipate that a door of the car he is driving will fly open and cause injury, either directly or indirectly, to some person who is not an occupant of the car.

A very similar situation was presented in Quinius v. Estrada, 448 S.W.2d 552 (Tex. Civ.App.—Austin 1969, writ ref'd n. r. e.). This was a damage suit growing out of a three-car accident, and plaintiff alleged that Mary Sue Polasek, driver of the first car struck, failed to wear a seat belt available to her and that, as a result of such failure, she lost control of her car and collided with plaintiff's car. It was held that Ms. Polasek had no duty, as a matter of law, to have her seat belt fastened.[4]

We have concluded as a matter of law that appellant could not reasonably anticipate that her failure to lock the car door would result in her losing control of her car and causing injuries to some other person driving an automobile on the public streets.

We hold as a matter of law that appellant owed no duty to appellee to lock the door in question, and that as a matter of law the failure to lock such door was not a proximate cause of the collision and injuries here involved.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.

CADENA, Justice (concurring).

I agree that the judgment below must be reversed and judgment be here rendered that plaintiff take nothing. However, my agreement rests solely on the fact that there is no evidence of negligence. However, even with respect to the finding of no negligence, I believe that the majority opinion, when read as a whole, paints with a brush which is much wider than is required to justify that conclusion.

My brother, Klingeman's, opinion states that: ". . . it is now a settled doctrine that anticipation of consequences is a necessary element in determining not only whether a particular act or omission is actionably negligent, but also whether the injury complained of is proximately caused by such act or omission." This statement, read in the light of the entire opinion, may be interpreted as saying that the tests for determining negligence, or the existence, and breach, of duty, and for determining causation are the same. I am not prepared to accept that proposition.

My conclusion of no negligence is based on the fact that, in the ordinary course of human experience, there is no reason to anticipate that if the door latch of the door of an automobile is not pushed down, the door is likely to fly open, or that there exists an unreasonable risk that the door would fly open. That is, there is little or no risk that the failure to depress the door latch would create a dangerous condition. It is not necessary, in determination of the negligence question, to go beyond this and consider, from the viewpoint of foreseeability, the entire chain of events which led to plaintiff's injury. At least, a consideration of the events intervening between the failure to depress the door latch and the injury to plaintiff need not be considered in this case.

---

4. "We hold, as a matter of law, that the alleged failure of Mary Sue Polasek to fasten her seat belt was not actionable negligence in that she owed no duty to appellant [Quinius] or Mr. Estrada to do so, the reason for this being, in our opinion, that she could not reasonably anticipate or foresee that her failure to fasten such belt would result in her failing to regain control of her car after it went out of control after being struck by a car negligently operated by Susan Quinius. * * * the wearing of a seat belt has relevance only to the safety or protection of the person wearing it as is shown by the authorities generally and which we take notice of as a matter of general knowledge." 448 S.W.2d at 554–555.

In view of what has been said above, I would not reach the proximate cause issue. My unwillingness to join in the majority opinion is also due to the fact that it appears to take the position that the natural-and-probable-consequence test of proximate causation requires that the defendant should be able to foresee the precise way in which the injury was inflicted. "The injury results from a force the likelihood of the occurrence of which was what caused the defendant to be negligent even though the force causes the harm in an unforeseeable manner . . . ." Keeton, Negligence, Duty, and Causation in Texas, 16 Tex.L.Rev. 1, 12 (1937). I cannot agree that the only foreseeable danger resulting from a door of an automobile suddenly flying open is the risk of harm to the occupants of the car. Such an occurrence is also likely to create a danger to other users of the highway. At the very least, it cannot be said as a matter of law that it does not create such a risk.