**Burl A. RICH, Appellant,**

v.

**CITY OF LUBBOCK, Appellee.**

**No. 5658**

Court of Civil Appeals of Texas, Waco.

Dec. 23, 1976.

Edwards & Associates, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

HALL, Justice.

This is a premises condition case. Appellant, Burl A. Rich, suffered severe injuries when he fell to the ground and struck his shoulder on a concrete ring surrounding a water sprinkler while playing soft ball in a park owned and maintained. by appellee, City of Lubbock. He brought this suit for his damages, alleging the City negligently failed to maintain the ball park in a safe condition and negligently failed to warn him of the hazardous condition created by the concrete ring. The City answered with a general denial and a plea of contributory negligence. After appellant's deposition was taken, the City moved for summary judgment on the ground that the record shows as a matter of law it owed no duty to appellant related to his injury. The motion was granted. As grounds for reversal, appellant asserts fact questions are raised in the record as to whether the City (1) negligently failed to properly cover the ring and thereby caused his injury, and (2) negligently failed to warn him of the hazardous condition created by the ring. We overrule these contentions and affirm the summary judgment.

The following undisputed facts are taken from appellant's deposition. On the occasion of his injury, appellant was playing soft ball on a soft ball diamond in a city park. His position was center field. He ran to his right (into left field) to catch a fly ball, dived for the ball, fell to the ground, and then slid or rolled, and struck his shoulder on the "doughnut-shaped" concrete ring. These rings are part of the water sprinkler system in the park. Sprinkler heads are placed in them for watering the grass. Those located in the infield area are level with the surface of the ground. Those in the outfield protrude about one inch above the ground. They are not covered or protected in any way. However, they are visible to one who is watching. At least six of these rings are located in the outfield area of the ball park in question. Appellant had played soft ball in this park several times, including the earlier part of the week of his injury; and although he did not know their exact places, he knew the rings were there. In fact, he was standing on one shortly before his injury. The one he fell on "had some grass up around it," but he could have seen it if he had been watching for it. Instead, he was watching the ball.

This testimony conclusively establishes that appellant knew the concrete "doughnuts" were in the outfield and knew their uncovered, unprotected condition. The danger they posed to him as he ran across the field while watching a fly ball was as well known to him as it was to the City. "The owner or occupier [of premises] owes no duty to his invitees either to eliminate or to warn of dangerous conditions on the premises which are as well known to them as they are to him." *Delhi-Taylor Oil Corporation v. Henry*, 416 S.W.2d 390, 392 (Tex.Sup.1967). Without a correlative legal duty, there can be no actionable negligence. *Denison Light & Power Co. v. Patton*, 105 Tex. 621, 154 S.W. 540, 541 (1913).

The judgment is affirmed.