Sarah Gina ALEXANDER, Individually and as Next Friend for Ricky Foster, a minor, Appellant,

v.

The CITY OF DALLAS, Appellee.

No. 5715.

Court of Civil Appeals of Texas, Waco.

June 2, 1977.

· Alfred W. Ellis, Woodruff & Ellis, Dallas, for appellant.

Lee E. Holt, T. Alex Eastus, Richard A. Sacks, Dallas, for appellee.

HALL, Justice.

This is a premises condition case. Ricky Foster was seriously injured when the bank of a drainage ditch maintained by the City of Dallas gave way under him and he fell into a deep hole in the ditch. The accident occurred at a place where a concrete storm sewer emptied into the ditch. The discharge of the storm sewer had dug the hole into which Ricky fell, and was eroding the bank of the ditch. Ricky was almost 15 years of age at the time of his injury. His mother, Sarah Gina Alexander, brought this suit individually and on his behalf for their damages. She alleged in effect that the City's maintenance of the ditch in its eroded condition around the storm sewer without corrective and protective measures or warning was negligence which proximately caused the injuries in question. The City answered with a general denial and a plea of contributory negligence. After the taking of depositions, the City moved for summary judgment asserting it owed no duty to Ricky because the condition in question and the danger it posed was open and obvious to Ricky as a matter of law. The motion was granted and judgment was rendered that plaintiff take nothing. Plaintiff appeals contending the record does not establish as a matter of law that Ricky knew the ditch bank would give way under him or appreciated the danger posed by the condition of the premises. We overrule these contentions and affirm the judgment.

The following undisputed facts are taken from Ricky's deposition. The area in question is near Ricky's house. All who lived in the area knew of the condition of the creek and the storm sewer. At the time of his injury, Ricky was very familiar with it. He knew that the ditch was there, that the concrete storm sewer was there, that the deep hole was there, that the ditch was eroding at the hole and around the storm sewer, that the ground around the storm sewer had eroded about seven feet back from the bank of the creek, and that sections of the concrete sewer had fallen into the ditch. He also knew that about 18 months earlier his friend Scott Shipplee fell

into the hole while riding a motorcycle and broke his arm. On the occasion of his injury, Ricky approached the hole with his friend Monte Marlar at approximately 3:15 A. M. for the purpose of disposing of a bicycle he and Monte had stolen earlier in the morning, by dumping it in the hole. The sky was clear, but the area was dark without benefit of moonlight or other light, and there was not sufficient light "for you to see where you were going." Ricky told Monte, who was standing near the hole, to "watch the sparks" when the bike was pushed into the hole. Ricky then moved the bicycle about 30 feet from the hole, then trotted with it to the edge of the ditch and pushed it "off the eroded area" into the hole. Almost immediately thereafter (Ricky said "one second later," Monte said "not more than four seconds") the ground crumbled under Ricky's feet, he fell feet first into the hole, and his head struck some of the concrete sewer in the hole. Ricky was standing five inches from the edge of the ditch when he fell. The area of ground which gave way under him extended from the edge of the ditch to a distance of five inches behind him. Ricky was born on September 20, 1959. The accident happened on June 17, 1974. At that time, Ricky was five feet and four inches high, and weighed 125 pounds. He had finished the seventh grade in school.

This testimony conclusively shows that Ricky knew that the ditch was there, knew that the storm sewer was there, knew that the emptying of the storm sewer into the ditch had dug the hole into which he fell, knew that the ditch around the storm sewer where he determined to push the bicycle over the edge was eroding, and knew that pieces of the concrete sewer had been caused by the erosion to fall into the ditch. Accordingly, the City owed him no duty to eliminate or to warn him of these conditions. *Delhi-Taylor Oil Corporation v. Henry*, 416 S.W.2d 390, 392 (Tex.Sup.1967).

Plaintiff argues that the record does not conclusively establish that Ricky appreciated the danger of the ground giving way under him on the occasion in question. We disagree. Under the circumstances, he was charged with knowledge of this danger as a matter of law when he trotted to the lip of the eroding ditch in total darkness. See *Rich v. City of Lubbock*, 544 S.W.2d 958 (Tex.Civ.App.—Waco, 1976, no writ).

The judgment is affirmed.