**JASPER–NEWTON ELECTRIC COOP, INC., et al., Appellants,**

v.

**Michael Dan MARTIN, Appellee.**

**No. 09–82–040 CV.**

Court of Appeals of Texas, Beaumont.

Jan. 13, 1983.

Rehearing Denied March 10, 1983.

**60**

William D. Perkins, Lufkin, John Kinney, Woodville, for appellants.

John H. Seale, Jasper, James Zeleskey, Lufkin, Mark Beaman, Beaumont, for appellee.

DIES, Chief Justice.

Michael Dan Martin, plaintiff below, sued Jasper-Newton Electric Coop, Inc., Southwestern Bell Telephone Company, and Jasper County for personal injuries suffered from an electrical shock on July 25, 1980. Defendants Bell and the Coop brought in Richmond TV & Electronics, and Dr. Claude Mattingly as third party defendants. Before the evidence was begun, plaintiff settled with Jasper County, and it was dismissed from the lawsuit. At the conclusion of the evidence, the court granted Dr. Mattingly's and Richmond TV's motions for instructed verdict. A jury fixed responsibility for plaintiff's injuries at 75 percent for the Coop, and 25 percent for Bell Telephone. Both of these defendants have perfected an appeal. Only the Coop has appealed from the court's action in granting the motions for instructed verdicts of the third party defendants. The parties herein will be referred to as they were below or by name.

*Jasper-Newton Electrical Coop, Inc.'s appeal* (hereafter "Coop"):

Coop's first three points of error are grouped together, and will be dealt with as such herein. Appellant claims that there is no evidence of Coop's negligence; there is insufficient evidence of Coop's negligence; and that such finding is against the great weight and preponderance of the evidence. In considering the no evidence point, we are guided by *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); the other two challenges in this group are governed by *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Plaintiff, a pilot, was at the Jasper County Airport on the day of his injuries. About noon or thereafter, the manager's wife called his attention to a telephone pole which she thought was burning. Slightly above, at three to five feet, were sagging Coop lines carrying electricity. Plaintiff touched the pole, and found evidence, he thought, of burning, but at this time received no shock. On top of the pole was an insulation from which ran a ground wire. However, the wire did not reach the ground but was snubbed off in the pole about four feet above the ground. Plaintiff does not believe he touched this wire. Nevertheless, he received a shock which threw him to the ground. He saw an arc of electricity emanating from Coop's lines to the insulator on the poles. Later an expert witness, Hart, testified that what happened was strong winds carried the sagging Coop lines close to, or in contact with, the pole insulator, and the electricity passed through the ground wire. In fact, this is the only account of what caused plaintiff's injuries; so, clearly the jury had probative evidence to support its finding of negligence on the part of Coop. These points are overruled.

■ Coop's next three points of error all attack the jury's failure to find plaintiff negligent, or that his negligence was a proximate cause of the incident in question. There was no showing plaintiff had knowledge that the ground wire on the pole was electrically charged. He was not told this by the airport manager's wife; in fact, she did not suspect it. There is no evidence plaintiff even reached out and touched the wire. The jury had the prerogative to determine these issues, and its determination is supported by probative evidence. These points are overruled.

■ Coop's next two points of error complain of the trial court's action in granting the motion for instructed verdict at the end of the trial which dismissed Dr. Claude Mattingly and Richmond TV. Where such a motion is filed, the trial court must accept as true all evidence in favor of the adverse party which tends to support the adverse party's contention. If a fact issue is raised,

the motion should not be granted. See 3 R. McDonald, *Texas Civil Practice* § 11.28.2 (rev.1970); *Glenn v. Prestgord,* 456 S.W.2d 901 (Tex.1970).

■ Plaintiff must establish that the defendant owed him a legal duty that was breached and such breach proximately caused the injury suffered by the plaintiff. *Cody v. Mahone,* 497 S.W.2d 382 (Tex.Civ. App.—San Antonio 1973, writ ref'd n.r.e.); *Oldaker v. Lock Construction Co.,* 528 S.W.2d 71 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.). If the evidence fails to establish that any legal duty existed, there can be no liability against a defendant because of negligence. *McGuire v. Overton Memorial Hospital,* 514 S.W.2d 79 [Tex.Civ. App.—Tyler 1974, writ ref'd n.r.e., per curiam, 518 S.W.2d 528 (Tex.1975)]. And proximate cause in addition to the breach of a legal duty by defendant must be shown. *Thoreson v. Thompson,* 431 S.W.2d 341 (Tex.1968).

■ Dr. Mattingly maintained an airport hanger on the top of which he engaged Richmond TV to erect a TV antenna. The latter ran a guy wire to the telephone pole in question.

It is Coop's "position" the electricity went down this guy wire, but there is absolutely no evidence of this. All that can be said is it *might* have happened this way. This is only a supposition or speculation and does not even amount to a scintilla of evidence. See McDonald cited above. These points are overruled.

■ Coop's next two points are not briefed and need not be addressed, *Bottinelli v. Robinson,* 594 S.W.2d 112, 119 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). Nevertheless, in the interest of fairness we shall try to answer them. The points are that the trial court erred in failing to submit a Special Issue inquiring as to which defendant, if any, had control over the premises where the pole was situated, and the trial court erred in submitting an issue as to which defendant, if any, had the right to control the pole which plaintiff touched. The fact is after this incident, defendant

Coop, with or without authority, cut the pole down. There is no question that Coop controlled its electrical lines, and, as we shall show later in this opinion, the jury had probative evidence the pole belonged to defendant Bell and had earlier been used as a pole for its telephone line. Therefore, both issues are immaterial and need not have been submitted. See 3 R. McDonald, *Texas Civil Practice* § 12.06.1 at 280 et seq. (1970). These points are overruled.

■ Coop's last point contends the finding of damages is excessive. The jury awarded $30,000 plus medical expenses. The electricity entered plaintiff's hand and exited his foot. He was taken to a Jasper hospital and later to Beaumont for surgery on the foot. There is testimony as to his numbness, and the importance of the foot in operating an airplane, as well as medical testimony to the effects of electrical shock. We cannot say that the verdict is excessive. This point is overruled.

*Southwestern Bell Telephone's Appeal* (hereafter "Bell"):

■ Bell's first two points contend there was no or insufficient evidence to prove it controlled or had the right to remove the pole in question. Bell served the airport with telephone service. At the time of the accident in question, its lines were buried; however, they had been previously strung on poles. The pole in question was made some years before Coop's lines were put up. It had an insulator on top. We believe there was sufficient evidence from which the jury could infer the pole was owned by Bell. These points are overruled. Bell's third point of error has already been answered in this opinion.

The judgment of the trial court is affirmed.

AFFIRMED.