**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**James W. SPRABERY, Appellee.**

No. 17526.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 14, 1975.

Rehearing Denied March 21, 1975.

Nelson, Sherrod, Carter & Oldham, and Stan Carter, Wichita Falls, for appellant.

Kearby Peery, Wichita Falls, for appellee.

SPURLOCK, Justice.

This same case was before this Court as the result of an appeal from an order overruling a plea of privilege. See Texas Employers' Insurance Ass'n v. Sprabery, 507 S.W.2d 340 (Fort Worth Civ.App., 1974, no writ hist.). This Court, speaking through Justice Brewster, summarizes the admissions and answers thereto admitted in evidence and summarized the testimony. Venue was maintained in Wichita County based upon Subdivision 7, Art. 1995, Vernon's Ann.Civ.St. This Court affirmed the lower court holding that false representations of a material fact were made, there

was reliance thereon by the plaintiff, and there was resulting injury. This summary is contained on page 343 of that opinion.

On the subsequent trial of this same case before a jury the jury found as follows:

"1. That Dr. Thomas represented to the Plaintiff that he would be able to return to his usual job;

"2. That such representation was false;

"3. Such representation was relied upon by the Plaintiff;

"4. Such representation was a material inducement to Plaintiff's executing the compromise settlement agreement; and

"4a. That Dr. Thomas was acting for and on behalf of the Defendant in making such representation.

"The jury further found:

"5. Burdick told the Plaintiff that if he got a lawyer all he could recover was $8,000.00 in addition to what he had been paid;

"6. Such representation was relied upon by the Plaintiff;

"7. Such representation was a material inducement to Plaintiff's signing the compromise settlement agreement;

"7a. Such representation was false;

"8. Plaintiff sustained total disability; and

"9. Such total disability was permanent."

The same request for admissions and the answers thereto were admitted in evidence and the plaintiff testified to the same set of facts outlined in said prior opinion.

In the trial on the merits the adjuster, Burdick, testified and denied in part plaintiff's testimony. The only additional testimony was that of Dr. VanDeventer, a Board certified orthopedic surgeon, who testified as plaintiff's witness. He testified that he had performed a third operation on plaintiff's back after the compromise settlement agreement had been executed. He testified that plaintiff was totally and permanently disabled as that term is defined by the Compensation Act. He further testified that plaintiff's back did not develop fully during the adolescent years resulting in a spondylolisthesis, that the fusions were done hopefully to relieve the situation, but even the ones that have solid fusions do not necessarily effect a cure. He further testified that he had seen other patients with this same condition and some of them had no pain or symptoms until they had reached the age of 65 years, that a strain or sprain could cause the slipping of these particular vertebrae and then these symptoms would occur, necessitating an operation. He further testified that once such a patient has had a spinal fusion he may feel much better but still be in no better shape to do hard work then he was before he was operated on.

In the interest of brevity this Court will not summarize the evidence appearing in our prior opinion since it was the same with exceptions mentioned herein. We find that the evidence was sufficient to support the verdict of the jury. We further find that the jury's findings were not against the great weight and preponderance of the evidence. The defendant does not question the sufficiency of the evidence to support the jury's finding of total and permanent disability.

The defendant next contends that the jury's findings of Issues 1 through 4a conflict with the jury's findings of Issues 5 through 7a. In other words, the contention is made that the legal fraud committed by Dr. Thomas and that committed by Burdick were mutually destructive.

Plaintiff testified that he thought he would be able to go back to work later on. He further testified that he was planning to go back and try to go to work at a later date, that he was going to try and relax and see what happened and then go back to work. He further testified that he

could not read and write except to write his name, and that he did not complete the third grade in school.

The findings of the jury are not in conflict when the record is read as a whole. Each finding is supported by the record.

■ In determining whether or not a fatal conflict exists in the verdict of the jury the following test is applied: " 'The test in such (a) case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant.' " Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (Tex.Sup., 1949).

When this test is applied it is apparent that there is no fatal irreconcilable conflict in the verdict of the jury.

Defendant next contends that testimony attempted to be elicited from the witness Altman was excluded and that this was harmful error.

Plaintiff pleaded that the insurance adjuster, Burdick, told the plaintiff that if he got a lawyer all he could recover was $8,000.00 in addition to what he had been paid. Testimony of the plaintiff was limited to this single pleaded issue which was submitted to the jury in that language. The witness Altman, an attorney, testified on direct examination to the provisions of the Workmen's Compensation Act and that the sum which could be recovered under the Workmen's Compensation Act for total permanent disability reduced to its present value would be $12,482.00 rather than $6,500.00 which was paid to plaintiff. Plaintiff's testimony on direct was limited to the provisions of the Workmen's Compensation Act and how to arrive at the discount for lump sum payment.

On cross-examination the defendant company attempted to prove that in other cases attorneys often settled for less than total and permanent disability. This witness, out of the presence and hearing of the jury, testified that in the last two months he had settled two cases for total and permanent disability from this county. He further testified that the settlement depended on a particular case and the type and nature of the injury, that you had to talk about a particular man in order to evaluate a case properly for that man in that case in that medical and as applied to that type of injury.

At the end of this bill of exception defendant's counsel then stated, "Your Honor, I believe that all of this is admissible in front of the jury."

Such testimony was excluded.

■ The only issue in this case is whether or not representations were made, were they false, were they relied upon by the plaintiff, were they a material inducement to plaintiffs executing the compromise settlement agreement, and in the case of Dr. Thomas, was he at that time acting on behalf of the defendant.

Whether or not the case had been properly evaluated for settlement purposes by the adjuster was not in issue in this case.

■ The exclusion of irrelevant or immaterial evidence is not a ground for reversal. Rule 434, Texas Rules of Civil Procedure.

The substantive law controlling in this case was clearly announced in the opinion of Justice Brewster writing for this Court in the prior appeal of this cause. We adopt the law announced in that opinion.

We have carefully considered each of the appellant's points of error. None of them present reversible error and they are each hereby overruled.

The judgment is affirmed.