Odis WESTBROOK, Appellant,

v.

John Henry REED et al., Appellees.

No. 8613.

Court of Civil Appeals of Texas, Amarillo.

Dec. 15, 1975.

Rehearing Denied Jan. 12, 1976.

Alexander, Lowe & Pratt, Benny J. Lowe, Odessa, for appellant.

Stokes, Carnahan & Fields, Gary W. Barnard, Underwood, Wilson, Sutton, Berry, Stein & Johnson, Don M. Dean, Amarillo, for appellees.

REYNOLDS, Justice.

Plaintiff sought to hold the two actors in a primary vehicular collision and their employers liable for the personal injuries he received while a passenger in a vehicle involved in a secondary collision with one of the vehicles in the primary collision. The jury refused to find negligence on the part of one of the primary collision actors, but found the other guilty of negligence which was a proximate cause of plaintiff's injuries. The trial court disregarded the proximate cause finding and rendered a take-nothing judgment from which plaintiff has appealed, challenging only the court's adjudication of lack of proximate cause. There being evidence of probative force supporting the jury's finding of proximate cause, the court was not authorized to disregard the finding. Affirmed in part; reversed and rendered in part.

Defendant John Henry Reed was in the employ of, and he was operating a truck tractor towing a trailer owned by, defendant Dicky's Dozer Service as he proceeded in a northerly direction along U. S. Highway 385, a road with which he was familiar. About nine o'clock in the morning some three miles north of Dimmitt, Texas, where the two-lane highway is forty-four feet wide from improved shoulder to shoulder, he approached a dense sandstorm. A high velocity wind was blowing dirt from a field lying to the west of the highway to the east and across the highway, reducing visibility to not more than four feet. Reed slowed his vehicle and, after observing two southbound automobiles emerge from the dust "right close together," he drove into the sandstorm at a speed of ten to fifteen miles an hour knowing, so he testified, there would be vehicles travelling south in the left lane. The thick dust obliterated his view of the highway.

Approaching from the north was defendant John Kesner Fore, an employee of defendant Burke Inman Trucking, whose truck tractor and trailer Fore was operating in a southerly direction. When Fore came to the sandstorm, he reduced his speed to ten miles an hour and entered it. Because Fore's vehicle shielded the blowing sand, he was able to observe the yellow center line on the black highway.

After Reed and Fore had travelled approximately 100 and 200 yards, respectively, into the sandstorm, the two truck tractors collided left fender to left fender with little

physical damage to the trucks and without personal injury to the drivers. The evidence is that Fore was operating his vehicle in his lane of traffic and, according to Reed who could not see the road, Reed's vehicle apparently drifted to his left and, so Fore said, into Fore's lane. Following the collision, Reed and Fore met at the front of the trucks· to assess the damage.

Meanwhile, nearing the scene from the north were plaintiff Odis Westbrook as a passenger in, and Danny Flanary as the operator of, a tractor-trailer owned by Ray Atkinson Pipe & Supply Company, by whom they both were employed. Entering the cloud of dust, Flanary slowed his speed to between thirty and forty miles an hour.

Reed and Fore, hearing the noise of the tractor-trailer operated by Flanary within one to two minutes after their primary accident, ran away from their trucks and off the highway. It was Reed's testimony that "Those up here (the southbound vehicles subsequently striking Fore's trailer), we could do nothing about because we had no time to, but we could on this end (the southern part of the sandstorm) where nobody had come in." The tractor-trailer driven by Flanary impacted the rear of Fore's trailer, and Westbrook sustained serious injury.[1]

Westbrook instituted this suit against, and sought to recover damages for his personal injuries from, John Henry Reed, Dicky's Dozer Service, John Kesner Fore and Burke Inman Trucking. After the defendants had answered, Insurance Company of North America, alleging it was the workmen's compensation insurance carrier for Ray Atkinson Pipe & Supply Company, intervened to receive out of any recovery by Westbrook the amount it had paid in workmen's compensation benefits to, and the sum of medical expenses paid on behalf of, Westbrook together with its reasonable attorney's fees.

The jury found that Reed drove his vehicle to the left of the center line of the highway which was negligence and a proximate cause of Westbrook's injuries. The jury was not convinced that either Reed or Fore was negligent in continuing to drive along the highway under the existing conditions or in failing to turn his vehicle to the right immediately before the primary collision. Although Westbrook had alleged that his injuries were also proximately caused by the negligence of Reed and Fore in failing to warn of the dangerous condition existing as a result of the primary collision, issues inquiring about these matters were not submitted to the jury.

Flanary's rate of speed and his failure to apply his brakes or otherwise slow his vehicle and to keep a proper lookout did not, in the jury's view, meet the standards of a person using ordinary care under the same or similar circumstances. The act of commission and both acts of omission were each found by the jury to be a proximate cause of Westbrook's injuries.

The jury refused to find that Flanary and Westbrook were engaged in a joint enterprise or that Westbrook failed to keep a proper lookout for his own safety. Finding that Westbrook failed to request Flanary to further reduce his speed, the jury did not find that the failure was negligence.

The trial court found that the verdict was for defendants Fore and Burke Inman Trucking and, following a hearing on a motion by defendants Reed and Dicky's Dozer Service, the court further found that, as a matter of law, Westbrook's injuries were not proximately caused by any negligence of Reed and Dicky's Dozer Service.

---

1. After a lapse of time estimated by Fore to be no more than one and one-half minutes, a Tip Top Oil Company gasoline truck driven by Wayne Jones, who was braking to a speed of fifteen miles an hour, sideswiped the right rear of the Flanary trailer, ripping the side of the gasoline truck but not causing any personal injury. Very shortly thereafter, an Oldsmobile automobile occupied by a Mrs. Hutchins hit the rear of the Flanary trailer. She was taken to a hospital. Neither the oil company nor Mrs. Hutchins is a party to this lawsuit.

Thereupon, the court rendered judgment that Westbrook take nothing by his suit,[2] and that Reed and Dicky's Dozer Service take nothing by reason of their plea for indemnity, and contribution from Fore and Burke Inman Trucking.[3]

■ Westbrook perfected an unlimited appeal from the judgment, but the only appellate issue raised is whether the trial court was correct in disregarding the jury's finding that Reed's negligence was a proximate cause of Westbrook's injuries. Rule 301, Texas Rules of Civil Procedure, authorizes the court to disregard any special issue jury finding that has no support in the evidence, but the rule is inoperative if there are conflicting facts bearing on the question of proximate cause, *Robertson v. Alberty,* 499 S.W.2d 361, 363 (Tex.Civ.App.—Amarillo 1973, no writ); *cf. Liberty Film Lines, Inc. v. Porter,* 136 Tex. 49, 146 S.W.2d 982, 983 (1941), for then the question whether a negligent act is a proximate cause of the injury is for determination by the fact finder. *Clark v. Waggoner,* 452 S.W.2d 437, 439–40 (Tex.1970).

■ In Texas, two elements are necessary to constitute proximate cause: cause in fact and foreseeability, *Hopson v. Gulf Oil Corp.,* 150 Tex. 1, 237 S.W.2d 352, 355 (1951), and there must be proof of both elements. *Enloe v. Barfield,* 422 S.W.2d 905, 908 (Tex.1967). Here, however, the parties have narrowed the issue to the foreseeability element of proximate cause.[4] The test for the foreseeability element is whether the negligent defendant, as a person of ordinary intelligence and prudence, should have anticipated the danger to others created by his negligent act, and it is not required that he anticipate just how injuries will grow out of the dangerous situation. *Sullivan v. Flores,* 134 Tex. 55, 132 S.W.2d 110, 111 (1939).

Reed knew that visibility on the two-lane highway was severely limited for all motorists. He knew that there was vehicular traffic in the southbound lane and that the oncoming two cars he had seen emerge from the dust were travelling "right close together." When he drove into the sandstorm, he could not see the highway. From this evidence the jury was justified in concluding, with reason, that Reed should have anticipated, as would an ordinarily intelligent and prudent person, that if he negligently drove into the lane of oncoming traf-

---

2. The judgment does not expressly refer to or dispose of Insurance Company of North America's plea in intervention; however, because the intervention is conditioned and dependent on, and not separate from and independent of, Westbrook's cause of action, it will be presumed that the intervention was disposed of in the judgment rendered after the conventional trial on all the merits, making it a final, appealable judgment. *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex.1966); *cf. Dawn v. Amerada Petroleum Corporation,* 434 S.W.2d 451, 453 (Tex.Civ. App.—Waco 1968, no writ). The presumptive disposition is a denial of the recovery sought. There is no evidence of, nor any stipulation to, the merits of the intervention. The carrier has neither expressed disapproval of the court's judgment nor perfected an appeal. No party to this appeal raises the matter, and it will not be further noticed.

3. The transcript does not contain a plea by Reed and Dicky's Dozer Service for indemnity and contribution from Fore and Burke Inman Trucking. No issue about this mat-

ter has been raised on appeal and, therefore, the trial court's adjudication will be affirmed.

4. Reed and Dicky's Dozer Service mention only obliquely the cause in fact element. They suggest that Westbrook could not claim his injuries would not have happened but for Reed's negligence in causing the primary collision, because the vehicle in which Westbrook was riding was travelling in a dust storm at a speed from three to four times faster than Fore's vehicle and might well have overtaken and struck the rear of Fore's vehicle without the primary collision. That issue is not seriously pursued, and suffice it to state that the record evidence of distance and speed most favorable to the suggestion lends itself to the calculation that, except for the primary collision, the Fore vehicle would have negotiated the remaining 100 yards of dust into daylight where, in Reed's opinion, the visibility was unobstructed for a mile and one-half at least ten seconds before the Flanary vehicle entered the density of the sandstorm 300 yards to the north.

fic there was the likelihood of a collision, as well as other collisions before he had time for preventive action, producing injury.

■ Reed points out that he was not required to anticipate Flanary's negligence; yet, under the test, that does not excuse him from foreseeing that injuries might grow out of, and be inflicted on a person situated with relation to, his negligent act. Moreover, if his negligence was a proximate cause of Westbrook's injuries, it is immaterial to his and Dicky's Dozer Service's liability that Flanary's negligence was also a proximate cause. *Biggers v. Continental Bus System,* 157 Tex. 351, 303 S.W.2d 359, 367 (1957).

■ Notwithstanding, Reed and Dicky's Dozer Service insist that Westbrook's injuries were the result of the intervention of an independent agency; i. e., Flanary, which, as a matter of law, Reed was under no legal duty to foresee. In urging this principle, they rely primarily on *Bell v. Campbell,* 434 S.W.2d 117 (Tex.1968), but also depend, in cited order, on *City of Vernon v. Lisman,* 17 S.W.2d 769 (Tex.Comm'n App.1929), *Wester v. Smith,* 213 S.W.2d 550 (Tex.Civ.App.—Fort Worth 1948, no writ), and *East Texas Motor Freight Lines v. Loftis,* 148 Tex. 242, 223 S.W.2d 613 (1949).

It would serve no beneficial purpose to lengthen this opinion by reciting the facts in those cases. They are not factually analogous to the case at bar, except that the force of the primary negligence had come to rest without personal injury before the occurrence of the collision producing the injury in litigation. In those cases, no one was in real or apparent danger when the primary negligence occurred, and each party injured by the negligence was so far removed from the dangerous situation at the time of its creation that each negligent defendant ought not to have foreseen, and it was purely speculative, that the injury or some similar injury would be the natural and probable result of the wrongful act. In none of those cases did the negligence actively contribute to the injury involved in litigation. Here, however, as the jury determined from evidence of probative force, the conditions were such that Reed ought to have foreseen that his negligence would probably and naturally result in and actively contribute to injury to one situated as Westbrook was in relation to his negligent act. Under these circumstances, we cannot say as a matter of law that Reed ought not to have foreseen the consequences of his act.

■ Accordingly, the trial court was not authorized to disregard the jury's finding of proximate cause. Reed and Dicky's Dozer Service did not, as permitted by Rule 324, T.R.C.P., cross-assign as error that the jury's finding of proximate cause was against the great weight and preponderance of the evidence. It follows that we must render the judgment that the trial court should have rendered in harmony with the jury's verdict. Rule 434, T.R.C.P.

That portion of the judgment decreeing that Westbrook take nothing by his suit against Reed and Dicky's Dozer Service is reversed, and judgment is here rendered that Odis Westbrook do have and recover of and from John Henry Reed and Dicky's Dozer Service, jointly and severally, the sum of $60,000, the sum fixed by the jury as reasonable compensation for Westbrook's injuries, with interest thereon at the rate of six (6%) per cent per annum from May 5, 1975 (the date of the trial court's judgment), until paid, and all costs of suit; in all other respects, the judgment is affirmed.