Norma LUMPKINS, Appellant,

v.

Charles Odell THOMPSON, Appellee.

No. 8763.

Court of Civil Appeals of Texas, Amarillo.

July 18, 1977.

Rehearing Denied Aug. 15, 1977.

**951**

Stovall & Stovall, Van C. Stovall, Plainview, for appellant.

Garner, Vickers & Purdom, John E. Vickers, Jr., Lubbock, for appellee.

ELLIS, Chief Justice.

In this rear-end automobile collision case, the plaintiff, Norma Lumpkins, brought suit against Charles Odell Thompson for damages to compensate for the personal injuries she suffered as a result of the collision. A take-nothing judgment was rendered in accordance with a jury verdict adverse to Lumpkins. On appeal, Lumpkins' points of error challenge the findings of the jury concerning the extent of her duty to Thompson, evidential support for the jury findings adverse to her, the propriety of the submission of certain issues, and an alleged conflict between two jury findings. We have concluded that although the plaintiff established certain negligence and proximate causation against the defendant, the plaintiff's acts of contributory negligence were of such nature and extent to preclude her prevailing in her claim against the defendant. Affirmed.

The collision in question occurred on November 21, 1974 at approximately 3:00 p. m. On that date, Lumpkins was driving south, accompanied by a passenger, Helen Taylor, on Farm to Market Road 1424 in Swisher County. About 15 miles southwest of Tulia, Texas they encountered an area of dense smoke drifting across the highway. A farmer was burning stubble in an adjacent field and the wind was carrying the smoke across the highway. Before entering the smoke covered area, both women glanced to the rear, but saw no car behind them. Lumpkins slowed from the 50 m. p. h. she had been driving to 10–15 m. p. h. and switched on her lights. As she proceeded through the smoke, Lumpkins slowed her car even more although she denied stopping in the smoke. Testimony indicated that the smoke was so thick that the women could not see beyond the hood of the car and that Lumpkins had to open her door in order to see the center line of the highway. According to Lumpkins, she did not retreat to the shoulder of the road because of the poor visibility and her fear of driving into a nearby lake which was adjacent to the highway.

During the time Lumpkins was driving in the smoke, the defendant, Charles Thompson, also was driving south on Farm to Market Road 1424 behind Lumpkins. He was accompanied by his son, Orville. Thompson testified that his speed was 50–55 m. p. h. when he entered the smoke. According to Thompson, the smoke was erratic; it varied considerably in the extent of density as he traveled through it. When he first saw Lumpkins' car, he was traveling 40–45 m. p. h. and could see 75 feet ahead of him. Both Thompson and his son were of the opinion that Lumpkins' car was stopped when they first saw it. Thompson then applied his brakes, skidded 26 feet and his automobile struck the rear of Lumpkins' car at 30–35 m. p. h.

As a result of the collision, Lumpkins was injured seriously. She sued for damages and the jury found Thompson to have been negligent in driving at an excessive speed and in failing to keep a proper lookout. Lumpkins, however, was found to have been contributorily negligent in stopping on the pavement. Also, at the time of the occurrence, she was found to be driving at much less than the normal speed under the then existing conditions when an ordinary prudent person, under the same or similar circumstances and speed she was driving would have driven his car along the right shoulder of the road until such time as he could resume a normal rate of speed. Each of these acts of stopping and slowing on the roadway was found to have proximately caused the collision. The jury apportioned the negligence 40% to Thompson, 60% to Lumpkins. In accordance with the verdict, judgment was rendered that Lumpkins recover nothing by her suit. Lumpkins has appealed on 14 points of error.

In her first two points of error, Lumpkins has argued that the trial court erred in submitting issues 3 and 4A (inquiring as to Lumpkins' negligence) because, as a matter of law, Lumpkins owed Thompson no duty of care. According to Lumpkins, neither stopping on the paved portion of the highway nor her driving so slowly and failing to pull off the highway and to drive along the shoulder until she could resume normal speed could constitute negligence because she had no duty to do otherwise.

■ Absent a legal duty and a breach thereof, there can be no liability for negligence. *Denison Light & Power Co. v. Patton,* 105 Tex. 621, 154 S.W. 540 (1913); *Cody v. Mahone,* 497 S.W.2d 382 (Tex.Civ.App.—San Antonio 1973, writ ref'd n. r. e.). Normally, any person owes others the duty of ordinary care; i. e., that degree of care which would be exercised by a person of ordinary prudence under the same or similar circumstances. *Dickson v. J. Weingarten, Inc.,* 498 S.W.2d 388 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ); *Hunter-Hayes Elevator Company v. Williams,*

402 S.W.2d 280 (Tex.Civ.App.—Fort Worth 1966, writ ref'd n. r. e.). It is noted that in the instant case the trial court instructed the jury concerning the statutory prohibition § 93(a), Art. 6701d, V.A.C.S., against parking a vehicle upon the highway when it is practical to stop or park off the paved part of the highway so as to leave an unobstructed width of highway opposite a standing vehicle for free passage of other vehicles.

Under certain circumstances, courts have held one party not negligent because he owed no duty to the other party. For example, it has been stated often that one has no duty to anticipate another's negligence. *See, e. g., DeWinne v. Allen,* 154 Tex. 316, 277 S.W.2d 95 (1955); *Bodine v. Welder's Equipment Co.,* 520 S.W.2d 407 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n. r. e.) It is Lumpkins' position that she owed Thompson no duty to anticipate his negligent acts of speeding and failing to keep a proper lookout. In *Rash v. Whisennand,* 453 S.W.2d 353 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n. r. e.), a rear-end collision case, the jury found the plaintiff to have been contributorily negligent in stopping her car more abruptly than a person of ordinary prudence would have under the same or similar circumstances and that her negligence was a proximate cause of the collision. Although it was argued that the plaintiff, as driver of the lead car, owed no legal duty to the driver of the following car, the court rejected this argument. After reviewing several similar cases, the court concluded that the lead driver owed the following driver the duty of ordinary care. Whether this duty was breached was held to have been reserved properly for the trier of fact. The decision is in accord with other cases passing upon the issue. *Spencer v. Jernigan,* 507 S.W.2d 307 (Tex.Civ.App.—Texarkana 1974, no writ); *Robertson Tank Lines, Inc. v. Stinson,* 497 S.W.2d 476 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); *Manning v.*

*Block,* 322 S.W.2d 651 (Tex.Civ.App.—Beaumont 1959, writ ref'd n. r. e.).

█ In the case before us, Lumpkins has argued that she owed Thompson no duty of care because she was not required to anticipate that he would be negligent in coming up on her too fast to stop. In the light of the foregoing, we have concluded, however, that Lumpkins owed Thompson the duty of ordinary care and that issues bearing on the possible breach of her duty were properly submitted to the jury. The trial court, therefore, did not err in submitting issues 3 and 4A to the jury. Points 1 and 2 are overruled.

In her third and fourth points of error, Lumpkins has argued that the court erred in overruling her motion for judgment non obstante veredicto because there is no evidence (point 3) or insufficient evidence (point 4) to support the jury's affirmative answer to special issue 3. That jury finding was to the effect that, on the occasion in question, Lumpkins stopped or was stopping on the paved portion of the highway at a time when it would have appeared practical to a person using ordinary care to stop the vehicle off the paved part of the highway. Lumpkins and Taylor testified that their vehicle was not stopped when the collision occurred; Thompson and his son testified that it was. According to Lumpkins, however, the Thompsons' testimony lacked probative force because both testified to their *impression* that Lumpkins' car was stopped.

█ Although both Thompson and his son responded to questions which inquired as to their impression about whether the Lumpkins car was moving, their responses were clear and unequivocal. Thompson testified: "I was quite sure she was stopped, in my mind." Orville, his son, testified: "I believe the car was stopped." This testimony is quite different from that discussed in *Freeman v. Harkrider,* 320 S.W.2d 238 (Tex. Civ.App.—Amarillo 1959, no writ). There, the witness refused to give sworn testimony that the car in front of him was stopped.

Read in context, his evasive statements did not reflect sufficient certainty to lend his testimony any probative force. In contrast, the Thompsons' testimony was unqualified and definite. In our opinion, the testimony constituted evidence of probative force that Lumpkins was stopped (or stopping as defined in the instructions accompanying the issue) prior to the collision. It is noted that in the instruction in the charge it is stated that by the use of the terms "stop or stopping" the same are defined by statute as "___ any halting, even momentarily of a vehicle ___".

Even without the Thompsons' testimony on this issue, however, there would have been sufficient evidence to support the finding. For example, Dr. Raymond Mires, the plaintiff's expert witness, testified that he suspected Lumpkins' car must have been stopped in the smoke on the basis of the assumption she traveled only 375 feet in two minutes. Based upon an assumption that the Lumpkins car was stopped at the time of the collision, Mires calculated that it would have been thrown forward 2½ car lengths. This calculation was almost identical to Thompson's and Lumpkins' estimates of the actual distance the car was thrown forward. In our opinion, there was sufficient evidence supporting the jury finding that Lumpkins was stopped or stopping at the time in question. The mere fact that the Thompsons did not *see* any brake lights burning on Lumpkins' car does not establish that she was not stopped or stopping, as such terms are defined.

█ There is also sufficient evidence supporting the jury's conclusion that, on the occasion in question, it would have appeared practical to a person using ordinary care, to stop the vehicle off the paved portion of the highway. The highway was flat; the shoulder was flat and wide, and the bar ditch was relatively flat. The evidence indicated that these conditions had been constant for some distance before the

collision site. Lumpkins had traveled the road before and was familiar with some of its principal characteristics. It is recognized that Lumpkins testified that she could not see the bar ditch and that she was afraid she might drive off into a lake she thought to be nearby. Thompson, however, testified that the bar ditch and the road shoulder were visible under the conditions existing at the time of the impact. The jury could have believed Thompson instead of Lumpkins. Even assuming they did not, however, we believe the jury was justified in finding that it was practical to pull over to stop under these circumstances. Points 3 and 4 are overruled.

In points 5, 6 and 7, Lumpkins has argued that there was no evidence (point 5) and insufficient evidence (point 6) to support the jury's answer to issue 4 and that the finding on that issue should be disregarded because it is immaterial (point 7). Special issue 4 was the first of the following series of issues:

SPECIAL ISSUE NO. 4

Do you find from a preponderance of the evidence that at the time of the occurrence in question, that NORMA LUMPKINS, was driving her automobile, at much less than the normal speed of traffic under the conditions then existing in the middle part of the right-hand half and lane near the center line?

Answer "We do" or "We do not," as you may find.

In the event that you have answered the foregoing Special Issue "We do" then answer the following.

SPECIAL ISSUE NO. 4A

Do you find from a preponderance of the evidence that under the same or similar circumstances and speed that she was driving, an ordinary prudent person would have driven his car along the right shoulder of the road, until such time as he could resume a normal speed upon the Farm-to-Market Road?

Answer "We do" or "We do not," as you may find.

In the event that you have answered the foregoing Special Issue "We do" then answer the following.

SPECIAL ISSUE NO. 4B

Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the collision?

Answer "We do" or "We do not," as you may find.

The jury answered each of the above stated issues "We do."

■ Regarding issue No. 4, Lumpkins has complained that there was no evidence of the "normal speed of traffic under the conditions then existing." Obviously, however, the jury had ample evidence before it as to the conditions which existed at the time of the occurrence. In our opinion, it was within the province of the jury to determine that 10–15 m. p. h. and slower was not a "normal" speed under those conditions. The jury could draw this inference from the witnesses' testimony and the photographs introduced into evidence which depicted the highway and the shoulders of the road. Points 5 and 6 are overruled.

■ In her seventh point of error, Lumpkins has argued that issue 4 was immaterial and should be disregarded. According to Lumpkins, the finding that she was driving at "much less than the normal speed of traffic under the conditions then existing" does not constitute a finding of negligence. We have noted, however, that Lumpkins did not object to the submission of issue 4 on this ground. For this reason, the complaint was waived. Tex.R.Civ.P. 274; *Schwab v. Stewart,* 387 S.W.2d 939 (Tex. Civ.App.—Amarillo 1964), *writ ref'd n. r. e. per curiam,* 390 S.W.2d 752 (Tex.1965).

■ Even if the complaint should not be regarded as not having been waived, however, Lumpkins' points should not be sustained. It is correct that the answer to issue 4, by itself, would not be a finding of

negligence. The finding of negligence, however, is not based solely upon the finding that Lumpkins was driving at less than the normal speed. Instead, the related issues 4 and 4A when appropriately read together constitute a finding of negligence. Taken together, the two issues amount to a finding that Lumpkins was driving at less than the normal speed in the middle part of the right lane when an ordinary prudent person driving at the same speed would have driven along the right shoulder. Lumpkins argues that the act of driving at a slow rate of speed on a highway does not constitute negligence, citing *Hill v. W. E. Brittain, Inc.,* 405 S.W.2d 803 (Tex.Civ.App. —Fort Worth 1966, no writ), which states that "(N)o court of this state has held that a slow rate of speed of a motor vehicle driving upon a public road or highway constitutes negligence," citing *Lewis v. Merrill,* 295 S.W.2d 920 (Tex.Civ.App.—Waco 1956, writ ref'd n. r. e.). We note, however, the Texas Supreme Court has recently held, in a case involving a rear-end collision on a public roadway, that one can be guilty of contributory negligence by driving too slowly. *Southwestern Bell Telephone Company v. Thomas et ux.,* 554 S.W.2d 672 (Tex.1977). Point 7 is overruled.

In Lumpkins' eighth point, she has argued that the jury's answer to special issue 3 (Lumpkins was stopped or stopping at the time in question) conflicts with the answer to issue 4 (Lumpkins was driving at less than the normal speed of traffic at the time in question). In our opinion, however, the two findings can be reconciled because Lumpkins could have been regarded as stopping and driving at less than the normal speed at approximately the same time, under the statutory definition of stopping in the court's instruction, i. e., "___ any halting, even momentarily of a vehicle ___". Furthermore, even if it could be said that the findings conflicted, the conflict would not be fatal. A conflict between two findings is fatal only when, taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff and, taking it alone in the other, judgment should be entered for the defendant. *Little Rock Furniture Mfg. Co. v. Dunn,* 148 Tex. 197, 222 S.W.2d 985 (1949); *Texas Employers' Insurance Ass'n v. Sprabery,* 520 S.W.2d 447 (Tex.Civ.App.—Fort Worth 1975, no writ). Issues 3 and 4 (and their related issues) either or both establish Lumpkins' contributory negligence. Moreover, either one of the findings (and related issues) taken in conjunction with the rest of the verdict supports the verdict reached. Point 8 is overruled.

In her ninth and tenth points of error, Lumpkins has argued that there is no evidence (point 9) or insufficient evidence (point 10) to support the jury's finding on issue 4A. By its responses to that issue (above quoted) the jury found that, under the same or similar circumstances and speed Lumpkins was driving, an ordinary prudent person would have driven his car along the right shoulder of the road until he could resume a normal speed. It is Lumpkins' position that, under the circumstances, an ordinarily prudent person would not have retreated to the shoulder because the shoulder and bar ditch were not visible. Thompson and his son, however, testified that the bar ditch and the shoulder were visible at the time of the collision. Furthermore, photographs showed the road shoulder was wide and the terrain was flat. The jury knew that Lumpkins was somewhat familiar with the road because she had traveled the road on previous occasions. They could have reasonably concluded that under these circumstances, ordinary prudence required Lumpkins to pull onto the shoulder. Points 9 and 10 are overruled.

In points 11, 12, 13 and 14, Lumpkins has argued that the evidence supporting the jury findings in issues 3A and 4B is legally (points 11 and 13) and factually (points 12 and 14) insufficient. These findings reasonably served as a basis for establishing that Lumpkins' negligence in stopping her car

on the pavement and driving too slowly on the pavement instead of the shoulder was a proximate cause of the collision.

■ In testing Lumpkins' points, we have recognized that proximate cause consists of two concepts: (1) cause in fact and (2) foreseeability. Both of these elements must be present. *Farley v. M M Cattle Company*, 529 S.W.2d 751 (Tex.1975). The cause in fact concept is a "but for" test of causation. Applying this test to these facts, it can be seen that the collision would not have occurred but for the fact that Lumpkins was driving in the right lane (instead of the shoulder) slowly enough to be considered stopped or stopping. In this connection, it is obvious that if she had not been blocking the highway, Thompson would not have struck her automobile. Thus, there was sufficient evidence that Lumpkins' negligence was a cause in fact of the collision.

The second aspect of causation involves the issue of foreseeability. If the negligent party, "as a person of ordinary intelligence and prudence should have anticipated the danger to others created by his negligent act," an injury is foreseeable. It "is not required that he anticipate just how injuries will grow out of the dangerous situation." *Westbrook v. Reed*, 531 S.W.2d 890, 893 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.). It is Lumpkins' position that she was not required to anticipate negligent conduct by Thompson and that the collision was not foreseeable.

■ We agree that one is generally not required to anticipate the negligence of another. *DeWinne v. Allen, supra.* This does not mean that one will be excused from liability simply because some other person was also negligent. *Yoakum Grain Inc. v. Energy Industries, Inc.*, 511 S.W.2d 95 (Tex.Civ.App.—Corpus Christi 1974, no writ). To be charged with liability for negligence, it is not necessary that a party be able to foresee the specific events which occurred to cause the injury. Instead, one need only foresee the possibility of harm to others. *Westbrook v. Reed, supra; Martinez v. Hernandez*, 394 S.W.2d 667, 670 (Tex.Civ.App.—San Antonio 1965, writ ref'd n. r. e.).

■ According to the foregoing rule, whether Lumpkins could foresee Thompson's negligent acts of speeding and failing to keep a proper lookout does not control the question on proximate cause. To be liable for her negligence, she was required only to foresee the possibility that injuries of this type might occur under the circumstances. In our opinion, the evidence supports the conclusion that Lumpkins should have anticipated that someone might be injured as a result of her blocking the right lane of the highway. This was a public highway used for normal highway traffic. Visibility on this occasion was very limited. Under these circumstances, it is our opinion that there was sufficient evidence to support the jury's finding on proximate causation. Blocking the regular traveling lane of a public highway under these conditions was imprudent and dangerous for any and all traffic that might be traveling in that lane. Points 11–14 are overruled.

For the reasons above stated, the judgment of the trial court is affirmed.