

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 31, 1985

Honorable Gibson D. (Gib) Lewis
Speaker
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-419

Re:    Whether a physician who
grants to an individual a medical
exemption from wearing a seat
belt under article 6701d, section
107C, V.T.C.S., may be liable in
the event of injury

Dear Speaker Lewis:

You ask several questions about the new seat belt law.  Acts
1985, 69th Leg., ch. 804, at 6062 (to be codified at art. 6701d,
§107C, V.T.C.S.).  The law provides that, as a general rule, persons
riding in the front seat of a passenger car must wear a seat belt.
The law takes into account, however, the possibility that a person may
not be able to wear a seat belt for medical reasons by providing as
follows:

> (f)  . . . [The seat belt requirement] does not
> apply to a person who possesses a written state-
> ment from a licensed physician stating that for
> medical reasons the person is unable to wear a
> safety belt.

> (g)  It is a defense to prosecution . . . that
> the person presents to the court, not later than
> the 10th day after the date of the offense, a
> statement from a licensed physician stating that
> for medical reasons the person is unable to wear a
> safety belt.

V.T.C.S. art.  6701d,  §107C(f)  and  (g).  You ask the following
questions in regard to those provisions:

> 1. If a person who wears no seat belt is
> injured in an auto accident, does the physician
> who issued the person a medical exemption letter
> face any civil liability?

> 2. If so, will a release from liability,
> signed by the person seeking the exemption, be
> sufficient to protect the physician from liability

p. 1913

> connected with an auto injury where the failure of
> the person to wear a seat belt becomes an issue?

Article 6701d, section 107C, does not contain any provision providing for immunity from civil liability for a physician who provides a written statement that a person cannot wear a seat belt for medical reasons. The statute does, however, contain the following provision:

> Use or nonuse of a safety belt is not
> admissible evidence in a civil trial.

V.T.C.S. art. 6701d, §107C(j). As a practical matter, this rule would make it extremely difficult for a person to prove a claim of negligence against a physician who had provided a statement of medical exemption.

If a person claimed that a physician who has provided a statement of medical exemption was liable for injuries that person suffered in an automobile accident, the physician's liability would depend on the plaintiff's ability to prove the elements of negligence. Generally, a finding of liability based on negligence requires proof that the defendant breached a duty of acting with ordinary care and that such breach was the proximate cause of injury to the plaintiff. See Rosas v. Buddies Food Store, 518 S.W.2d 534, 536 (Tex. 1975); Lumpkins v. Thompson, 553 S.W.2d 949, 952 (Tex. Civ. App. - Amarillo 1977, writ ref'd n.r.e.). Questions of failure to exercise ordinary care and questions of proximate cause are generally questions of fact to be answered by a jury. Blanks v. Southland Hotel, 229 S.W.2d 357, 361 (Tex. 1950); Clark v. Waggoner, 452 S.W.2d 437, 440 (Tex. 1970).

Your second question is whether a release from the person seeking the exemption would protect a physician from liability. The validity of a release depends on the circumstances surrounding the particular release. See Atkins v. Womble, 300 S.W.2d 688, 703 (Tex. Civ. App. - Dallas 1957, writ ref'd n.r.e.). Therefore, we cannot give a definitive response to your question.

## S U M M A R Y

The law does not explicitly make physicians immune from liability for negligence in providing a person a statement of exemption from the mandatory seat belt law. The validity of a release depends on the circumstances of the particular case.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

p. 1915

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General