Honorable Gibson D. (Gib) Lewis Speaker Texas House of Representatives P.O. Box 2910 Austin, Texas 78769
Re: Whether a physician who grants to an individual a medical exemption from wearing a seat belt under article 6701d, section 107C, V.T.C.S., may be liable in the event of injury
Dear Speaker Lewis:
You ask several questions about the new seat belt law. Acts 1985, 69th Leg., ch. 804, at 6062 (to be codified at art. 6701d, § 107C, V.T.C.S.). The law provides that, as a general rule, persons riding in the front seat of a passenger car must wear a seat belt. The law takes into account, however, the possibility that a person may not be able to wear a seat belt for medical reasons by providing as follows:
 (f) . . . [The seat belt requirement] does not apply to a person who possesses a written statement from a licensed physician stating that for medical reasons the person is unable to wear a safety belt.
 (g) It is a defense to prosecution . . . that the person presents to the court, not later than the 10th day after the date of the offense, a statement from a licensed physician stating that for medical reasons the person is unable to wear a safety belt.
V.T.C.S. art. 6701d, § 107C(f) and (g). You ask the following questions in regard to those provisions:
 1. If a person who wears no seat belt is injured in an auto accident, does the physician who issued the person a medical exemption letter face any civil liability?
 2. If so, will a release from liability, signed by the person seeking the exemption, be sufficient to protect the physician from liability connected with an auto injury where the failure of the person to wear a seat belt becomes an issue?
Article 6701d, section 107C, does not contain any provision providing for immunity from civil liability for a physician who provides a written statement that a person cannot wear a seat belt for medical reasons. The statute does, however, contain the following provision:
 Use or nonuse of a safety belt is not admissible evidence in a civil trial.
V.T.C.S. art. 6701d, § 107C(j). As a practical matter, this rule would make it extremely difficult for a person to prove a claim of negligence against a physician who had provided a statement of medical exemption.
If a person claimed that a physician who has provided a statement of medical exemption was liable for injuries that person suffered in an automobile accident, the physician's liability would depend on the plaintiff's ability to prove the elements of negligence. Generally, a finding of liability based on negligence requires proof that the defendant breached a duty of acting with ordinary care and that such breach was the proximate cause of injury to the plaintiff. See Rosas v. Buddies Food Store, 518 S.W.2d 534,536 (Tex. 1975); Lumpkins v. Thompson, 553 S.W.2d 949, 952
(Tex.Civ.App.-Amarillo 1977, writ ref'd n.r.e.). Questions of failure to exercise ordinary care and questions of proximate cause are generally questions of fact to be answered by a jury. Blanks v. Southland Hotel, 229 S.W.2d 357, 361 (Tex. 1950); Clark v. Waggoner, 452 S.W.2d 437, 440 (Tex. 1970).
Your second question is whether a release from the person seeking the exemption would protect a physician from liability. The validity of a release depends on the circumstances surrounding the particular release. See Atkins v. Womble, 300 S.W.2d 688, 703
(Tex.Civ.App.-Dallas 1957, writ ref'd n.r.e.). Therefore, we cannot give a definitive response to your question.
 SUMMARY
The law does not explicitly make physicians immune from liability for negligence in providing a person a statement of exemption from the mandatory seat belt law. The validity of a release depends on the circumstances of the particular case.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General